## SUPERIOR COURT.

### HORACE DRESSER, Appellant, agt. REUBEN W. VAN PELT and JAMES C. WICKER, Respondents.

Where the defendant in an order in proceedings supplementary to execution, in the first judicial district, was required to appear before the said justice, (naming him,) *or one of the other justices of the said supreme court,* and the defendant appeared before the said justice first named, on the return day, and an order of reference was made without objection to any irregularity in the order ;

*Held,* assuming that the clause in the order to appear before one of the other justices, &c., was an irregularity, it could not affect the substantial rights of the party ; the clause was mere surplusage ; and especially that the party could not set up the objection by plea or demurrer in another action.

The supplementary proceeding under § 292 *et seq.* of the Code, is a proceeding in an action to enforce a judgment. It is not a *special proceeding* within § 3 of the Code.

The true sense and interpretation of the 27th section of the Code, appears to be this : A proceeding commenced in the *first judicial district* by any judge competent to institute it therein, may be *continued in such district, before any other judge* competent to have commenced it.

The case of *The Knickerbocker Bank,* (19 *Barb.* 602,) is authority decisive that the title of an order as made and entitled at *special term,* while the judge was actually engaged in a trial, in an interval of it, is authorized and regular, although the order is one properly and ordinarily made at *chambers.*

When a judge directs process (attachment, &c.) to issue, and has jurisdiction, and when any judge of the same court, who is found at the place designated, on the day specified for appearance, has jurisdiction, when place and time are distinctly pointed out in such process, the mere fact that the party is to be brought before the judge when holding a court *at special term,* (instead of before the judge at chambers,) does not render the proceeding or process void.

*General Term, November,* 1857.

*Present,* DUER, *Ch. J.,* BOSWORTH, HOFFMAN, SLOSSON *and* WOODRUFF, *Justices.*

APPEAL from an order at special term overruling a demurrer to an answer.

The action was for an illegal arrest and false imprisonment, caused by the defendants. The defendants justify themselves upon the ground of orders and process issued out of the su-

preme court, in an action in which the defendant Wicker was plaintiff, and the present plaintiff, defendant; that judgment had been recovered against the present plaintiff, and an order obtained for his examination under § 292 of the Code; and that various orders and process had ensued in such action, under which the arrest complained of had been made, and all which were duly and legally made and issued.

On the 17th of September, 1856, an order was made by Justice DAVIES of the supreme court, residing in the city of New-York, in the action above referred to, requiring the present plaintiff, defendant there, to appear before him, the said justice, *or one of the other justices of the said supreme court*, on the 20th of September, 1856, at 10 o'clock A. M., at the chambers of the said justices, and make discovery under oath, &c.

The present plaintiff appeared on the return day, and an order was made by Justice DAVIES, sitting as stated at special term and also at chambers, appointing a referee to take the examination and to report the same; such examination to be proceeded with at the chambers of the said supreme court.

The said Dresser left the chambers without submitting to such examination; a further order was then made on the same 20th of September, to show cause why he should not be punished for a contempt.

An excuse was made which was deemed sufficient, and an order was made by Justice DAVIES, (the said Dresser being present,) that he submit to an examination on the 23d of September, at 10 o'clock, before the referee. The examination was commenced on the day appointed, but the party, without the consent or permission of any one, left the room.

Thereupon another order was obtained from Justice DAVIES, requiring Dresser to show cause why an attachment should not issue against him and he be punished as for a contempt. This was adjourned from time to time until the 11th of October, 1856.

On the 11th of October, 1856, an order was made by Justice DAVIES, *while sitting at special term and also at chambers*,

Dresser agt. Van Pelt and Wicker.

on hearing the parties, adjudging that the said Dresser had been guilty of a contempt in refusing to submit to such examination; and directed an attachment to issue, unless he submit to an examination as required by the order of the 20th of September, before the referee therein named, on the 13th of October, at 12 o'clock, at chambers, and pay $10 costs.

The plaintiff (Dresser) neglected to obey this order, but appealed to the general term from the order adjudging him guilty of a contempt, of the 11th of October. The general term affirmed the order, with $10 costs of the appeal.

On the 16th of December, 1856, proof was made of the said Dresser's disobedience to the orders; an order was made by Justice CLERKE, described as one of the justices of the said supreme court, while sitting at special term, and also at chambers, " that an attachment issue against the said Dresser for such misconduct and contempt; that a writ of attachment reciting the proceedings was issued to the sheriff of the city and county of New-York, commanding him to attach and arrest the said Horace Dresser, and to produce his body before *one of the justices of this court at a special term of the court*, to be held at the city hall in the city of New-York, on Friday the 19th day of December, 1856, at 10 o'clock A. M., and then and there to return such writ of attachment, in order that the said Dresser might be dealt with according to law."

This attachment was signed by the said Justice CLERKE, and sealed with the seal of the said supreme court. On the return of this attachment (having given bail for his appearance in the sum of $100 as required) the said Dresser attended, and asked for time to clear his contempt, which was granted by said Justice CLERKE, who directed interrogatories to be filed and answers to be made thereto. This was done.

On the 11th of January, 1857, Justice CLERKE made an order that a commitment against said Dresser issue, unless he submit to the examination before the referee, as required by the order of Judge DAVIES, on five days' notice, and pay $10 costs of motion, $10 costs of the appeal, $10 costs of this motion, and $9 fees of the referee, being $39, with the fees of

the sheriff on the attachment, to be paid on or before Tuesday the 20th of January, 1857, at 9½ o'clock A. M. Notice was accordingly given to appear and be examined on the 21st of January, 1857, at 10 o'clock A. M., before the referee.

The costs and fees were not paid, and on application to Justice CLERKE, he granted a commitment on the 20th of January, 1857, to the sheriff of New-York, signed by the said justice, and attested by the clerk and with the seal of the court, commanding him to commit the said Horace Dresser to the jail of the county of New-York, and detain him until he should comply with the order of Mr. Justice CLERKE, of the 11th of January, 1857.

Notice being given by the sheriff, Dresser paid the fees as ordered, and commenced submitting to the examination.

The action is brought for the alleged illegal arrest on the 17th of December, 1856, (under the order of the 16th,) and also for that of the 21st of January, 1857, under the order of the 20th of that month.

HORACE DRESSER, *plaintiff, in person.*
R. W. VAN PELT, *for defendants.*

By the court—HOFFMAN, Justice. The first question raised, is as to the effect of the insertion of the clause in the order of Justice DAVIES, of the 17th of September, 1856, requiring the defendant to appear before him, *or one of the other justices of the said supreme court.*

The defendant (the present plaintiff) appeared before Justice DAVIES, on the return day, and an order of reference was made by the judge. No objection was then made to this alleged irregularity.

Assuming that it was an irregularity, and the insertion of the clause was not warranted by the 292d section of the Code, it appears to us clear, that as the appearance was before the judge who issued the order, and who then, without objection, acted upon it, there was such an error only, as could not affect the substantial right of *the party ;* that the clause was mere

Dresser agt. Van Pelt and Wicker.

surplusage; and that the plaintiff cannot raise the objection now. Particularly that it cannot be set up by plea or demurrer in another action. (*Kelly* agt. *McCormick*, 2 *E. D. Smith's R.* 503; and *Parke* agt. *Heath*, 15 *Wend.* 301.)

The next question is, whether another judge of the court could continue the proceedings commenced before Justice DAVIES? This proposition is also denied by the plaintiff, and forms one of his grounds of demurrer to the answer.

The application to Judge CLERKE, was a motion, which is defined to be an application for an order in an action.

By § 401 of the Code, this may be made to a judge or justice out of court.

By the 27th section of the Code, every proceeding commenced before one of the judges in the first judicial district, may be continued before another, with the same effect as if commenced before him. The previous clause of the section speaks of business done by a judge out of court.

The supplementary proceeding under § 292 *et seq.*, is a proceeding in an action to enforce a judgment. It forms part of title 9, entitled, " Of the execution of judgments in civil actions." It is not a special proceeding, within § 3 of the Code, although once treated as such by Justice WELLES. (4 *Howard's Pr. R. p.* 142.) The authors of the Code speak in their report (*p.* 2) of the parts of the entire Code relating to criminal actions, and to special proceedings, (including arbitrations, *habeas corpus*, the discharge of insolvent debtors, the enforcement of mechanics' liens, &c.,) as to form the subjects of future reports by them.

The proceedings under a railroad act, and under a plank road act, in the cases in 1 *Kernan R.* 274 and 3 *Code Reports*, 148,. were special proceedings, within the sense of section 3, not a proceeding in a civil action within section 2.

The true sense and sound interpretation of the 27th section appears to me to be this; a proceeding commenced in the *first judicial district* by any judge competent to institute it therein, may be continued in such district before any other judge com-

petent to have commenced it.   The few authorities I have met
with are the following :

*Kelly* agt. *McCormick*, (2 *E. D. Smith R.* 503,) the action
was upon a bond given by a judgment debtor with sureties,
to the sheriff upon an attachment.   Supplementary proceed-
ings had been taken after execution, and upon his disobedience,
an order to show cause why an attachment should not issue
was granted.   An alias was issued, allowed by Mr. Justice
WOODRUFF, with a direction to hold to bail in $300.   The
direction to the sheriff in the writ was to attach the debtor,
and bring him on a day named, at 10 A. M., before one of .
the judges of our court of common pleas for the city and
county of New-York, at their chambers in the city hall, New-
York, then and there to answer, &c.

The court held that the attachment was not void, even
if it were improperly made returnable "before one of the
judges of the court." It was voidable only.   *If it was process
of the court*, it was simply voidable and no bar to the action,
and if it was not, then it was properly made returnable before
one of the judges of the court, at chambers, as in this court
any proceeding commenced before one judge, may be con-
tinued before another.   (*Laws of* 1840, *p.* 222.)

I do not understand the decision in *Shepherd* agt. *Dean*,
also in the common pleas, (13 *Howard*, 173), to be adverse
to this.   On the contrary, the act of 1840 is referred to, as if
it would have governed the result had the case been similar to
that of *Kelly* agt. *McCormick*.

The 302d section of the Code, which is referred to, declares
that disobedience of the order of *the judge* may be punished by
*the judge* as for a contempt.   We are authorized to read this
section as if the clause before noticed of the 27th section were
added to it : as if it read by *the judge*, or by one of the judges
in the first judicial district, continuing the proceeding.

In our opinion, the objection raised by the demurrer, that
Judge CLERKE had continued the proceeding commenced be-
fore Judge DAVIES, and made the commitment under it, is
wholly untenable.

3d. It is next urged, that the orders, or some of them, made upon the supplementary proceedings, were made at special term, as orders of a court, not of a mere judge vested with special powers.

This question must depend as to the fact, upon the statement of the answer. That is, that the order of the 20th of September, and that of the 11th of October, (both of Justice DAVIES,) and that of the 16th of December, made by Justice CLERKE, were made by the said justices " *while sitting at special term, and also at chambers.*" The case of *The Knickerbocker Bank* (19 *Barbour R.* 602) furnishes an answer to this objection. Let it be assumed that the title of the order was at special term, and that it was made while the judge was actually engaged in a trial, in an interval of it. The case is amply sufficient to show that such a technicality, so destitute of all justice or substance, cannot prevail.

4th. It is next insisted that the order of Justice CLERKE of the 16th of December, 1856, was void, because it directed the sheriff " to bring the party before one of the justices of the court, at a special term of the court to be held, at &c., on &c."

The place, the day and the hour are sufficiently designated.

In the case of *Henry D. Smethurst*, in this court, (2 *Sandf. R.* 724,) upon *habeas corpus*, Justice HARRIS had made an order in a supplementary proceeding. The party appeared, and the examination was partly had. Upon his refusal to proceed, an attachment was issued by which the sheriff was to have the party, *before the judge, at his office in the city of Albany*, on a certain day. The objection was made that the attachment was void on this ground. It should have been at special term. (2 *R. S.* 534.)

Justice MASON held, after referring to section 302 of the Code and the Revised Statutes, that the latter vested the power of punishing only in courts of record, and attachments necessarily were returnable before the court. A judge under the Code had the power and could not exercise it, unless the party was brought before him. No power was given to the court

to punish for the contempt of the order of the judge. The objection was overruled.

There is no reason to conclude from this case, that had Judge HARRIS's attachment been returnable before himself at special term in the capitol or city hall at Albany, on the day fixed, it would have been held void.

The point was that the party was to be brought, not before a *court* but before a judge. In what place, or position of duty that judge was then found, if time and place where he was to be found are specified, does not seem material.

This idea followed out and applied to the present case, (as it is stated in the answer,) appears to us to govern it. The order of Justice CLERKE, of the 16th of December, for the attachment, was by him as a justice, not as the court. The writ of attachment was signed by the said Justice CLERKE, and attested by the seal of the court. When such a writ is process by the court, it is witnessed in the name of the chief or presiding justice, and attested by the clerk. The subsequent commitment was by the said Justice CLERKE, sitting as aforesaid, that is, " at special term and not at chambers." In short, no act or order was formally made, or directed or intended to be made, or by necessary construction made, or to be made by the court.

The fair legal construction, as well as the plain good sense of the whole of these proceedings, is this. The orders and process were made and allowed by a judge acting under a statutory power delegated to him, and in the first circuit to any judge who could act in his place for the continuing the proceeding. There is plainly nothing done by a court, which was referred to a court to be done, or which could only be done by a court.

The officer had jurisdiction in every instance, of every order and every process, through these proceedings. His exercise of the power when even sitting in court, could not rob his act of its legal character. He had the capacity to do the act, at any place which he had distinctly prescribed. It would be trifling to say, that his fixing it to be done, when he or another judge

who could perform it, was sitting at a special term, should render it utterly void.

Therefore, when the judge directing the process to issue, has jurisdiction, when any judge of the same court who is found at the place designated, on the day specified, has jurisdiction, when place and time are distinctly pointed out, the mere fact that the party is to be brought before the judge when holding a court at special term, does not render the proceeding or process void. The order of special term overruling the demurrer to the answer, must be affirmed, with costs.