# ABBOTTS'

# PRACTICE REPORTS.

## NEW YORK.

## CHAMBERLAIN a. DEMPSEY.

*New York Superior Court; General Term, October,* 1862.

MISTRIAL.—PRACTICE IN FORECLOSURE CASES.

Where an action has been tried before a single judge, without a jury, and a judgment rendered for plaintiff, with a direction for a reference to compute the amount of the recovery, no other judge than the one who tried the cause has power, upon the coming in of the report of the referee, to render final judgment in the action.

A judgment thus rendered, containing directions not contained in the findings of the judge who tried the cause, is unauthorized, and will be reversed.

One judge cannot try a portion of an action and another judge finally determine it.

Appeal from a judgment of foreclosure and sale.

This cause, being an action for the foreclosure of a mortgage, was first tried before Justice Hoffman, and is reported in 13 *Ante,* 61; and afterwards the judgment rendered at that trial was reversed at general term (S. C., 14 *Ante,* 241), on the ground of error in the obtaining of the same. Having been retried, it came before the general term a second time, on appeal from the judgment rendered at such second trial.

The facts are stated in the opinion.

*Geo. R. Thompson,* for the appellant.—The judgment is erroneous, because it is entered solely on the referee's report com-

puting the amount due, and does not refer to the trial, and is rendered by a judge who did not try the action, and is not based upon the judgment rendered at the trial. The plaintiff has fallen into the same error pointed out by the general term on the former appeal in this action. (See 14 *Abbotts' Pr.*, 241. Lawrence *a.* Farmers' Loan & Trust Co., 15 *How. Pr.*, 57.)

*Wm. M. Allen,* for the respondent.

By the Court.—Barbour, J.—This action, for the foreclosure of a mortgage upon real estate, was tried before Justice Moncrief without a jury, and the decision reserved. Subsequently, and on the 12th of April, 1862, the justice filed his findings of fact and conclusions of law: the latter of which are as follows:

*First,*—That the plaintiff is entitled to a judgment of foreclosure and sale for the purpose of discharging the amount of principal and interest due upon the mortgage, together with the costs of suit.

*Second,*—That the plaintiff is not entitled to a judgment for any deficiency.

*Third,*—That it be referred to Hon. Murray Hoffman, as sole referee, to *ascertain and report the amount* of principal and interest due to the plaintiff upon such mortgage, and also, to *ascertain and report* the amount due upon the mortgage described in the answer of the defendant, George W. Platt; and also, to *ascertain and report* whether there are any prior liens by mortgage upon said premises, and whether said prior mortgages are due.

On the same day an order was made by Justice Moncrief referring the cause to Judge Hoffman to ascertain and report upon the matters mentioned in the third conclusion of law, as therein indicated.

On the 22d of April, the referee made his report upon the matters referred to him, and also, by consent of parties, reported other facts and details, not called for by the order of reference; which report was filed on the 24th of April, and notice thereof given by the plaintiff's attorney to the other attorneys in the action, and no exception to the report having been filed, the plaintiff's attorney, eight days thereafter, applied to Justice Monell, without notice to the defendants, for a judgment, and

the same was entered upon the direction of the last-named justice. The judgment does not allude to the trial, nor to the findings and conclusions of Justice Moncrief, but states, by way of inducement, that an order of reference to Judge Hoffman had been made and his report filed, setting forth, in brief, its contents, and that eight days had expired since such filing, and no exceptions had been filed. The judgment is in the ordinary form, and contains various directions not specifically covered by the conclusions of law of Justice Moncrief, among which is one providing for the payment to the plaintiff and to two of the defendants, of some four hundred dollars, out of the proceeds of the mortgaged premises for their costs and disbursements in the suit.

It thus appears that the cause was tried, at least in part, before one judge, who found some facts and arrived at certain conclusions of law, and then sent the case to a referee to ascertain and report other specific facts ; that, upon the coming in of such report, and, so far as appears from the record before us, on that report alone, and without an examination of the pleadings, proceedings, testimony, or even of the findings and conclusions of the justice before whom the trial had been partially had, another justice directed the entry of a judgment, providing, among other things not determined by the conclusions of the former justice, that a large sum should be paid out of the avails of the sale, and therefore, by the appellant, by way of costs.

If we were to hold that the case was virtually decided by the findings and conclusions of Justice Moncrief, then it is easy to see that the direction in the judgment for the payment of costs is erroneous, inasmuch as Judge Moncrief did not in his discretion (*Code*, § 306) decide that the plaintiff, or either of the defendants, was entitled to recover such costs, and, therefore, it may safely be inferred, refused to award them. Or, if we assume that his decision was not intended to be a final determination of the whole matter, then we have before us the anomaly of a trial and decision of a portion, only, of the issues in a cause by one justice, and its final determination by another ; and that, too, upon hearing but one of the parties, without notice to the others, and, so far as the case presented shows, without any knowledge as to any prior proceedings in the cause aside from what are contained in the report of the referee. Indeed, in

either case, the judgment is not warranted by the findings and conclusions of the justice before whom the cause was tried, who alone is fully competent to award costs, or withhold them in his discretion.

For these reasons, and those given by the chief justice and Justice Robertson in their opinions upon a former appeal in this action, I think the judgment should be set aside with costs; leaving the parties to move for a new trial, or otherwise, as they may be advised.

Ordered accordingly.