# SUPREME COURT.

HENRY C. ADAMS agt. JACOB C. NELLIS, as executor of the last will and testament of PETER G. Fox, deceased, impleaded with LAWRENCE M. Fox, defendants.

*Trial before the court— What is meant by " decision" as used in section 1022, Code of Civil Procedure— Effect of death of a party before the " decision" is actually signed or rendered against him — Attorney— Effect of the death of a party to an action pending, as to the power and duties of his attorney.*

Where a party dies before the "decision" is actually signed or rendered against him, in a cause tried before the court, such decision and all subsequent proceedings, including the judgment entered thereon, are void under section 765 of the Code, although an *opinion* in duplicate directing the findings of facts and conclusions of law, and giving the reasons therefor, was signed and delivered by the justice to the respective attorneys while such party was living.

The decision intended by sections 763, 765, 1010 and 1022 of the Code is the written findings of facts and the legal conclusions with the direction for the final judgment to be entered, and which must constitute a part of the judgment roll.

Until such a *decision* is signed and filed the cause is not removed from the authority of the trial court, but remains within its control; and although the justice may have signed and delivered his opinion stating the facts and conclusions, and the judgment that should be entered, other and different findings and conclusions may properly be made and a different judgment be directed from that stated to be proper in the opinion (*See Weyman* agt. *The National Broadway Bank, ante,* 331).

The death of a party to an action pending vacates the power of his attorney therein, and he is not required or authorized to do anything further in the action except upon the retainer of the legal representative.

Service of papers, in the action, upon an attorney therein after the death of his client is void and of no effect, and such service will be set aside on motion.

*Special Term, July,* 1880.

MOTION by defendant, Jacob C. Nellis, to set aside judgment entered herein, as irregular and void.

Heard at Ogdensburgh, first Tuesday in January, 1880. Decided July 29, 1880.

*James E. Dewey*, for defendant Nellis, for the motion.

*Henry C. Adams*, plaintiff, attorney in person.

TAPPAN, *J.*— The action was brought against Peter G. Fox, as executor of one Archibald Fox and Lawrence M. Fox, to charge said Peter G. Fox, personally, with certain trust funds held by him as such executor.

An answer was interposed by said Peter G., and the issues of fact made thereby were tried at the Montgomery circuit in May, 1878, before the court without a jury. The justice before whom the cause was heard, wrote an opinion in which the facts found were stated, in connection with his reasons for such findings and his conclusions upon such facts, with a reference to authorities and a statement as to the judgment that should be entered, with the direction at the end, "Let findings and conclusions of law, in accordance with this decision, be drawn up for signature."

Duplicate copies were signed, and on the 10th day of January, 1879, mailed to the attorneys for the respective parties, and were received by them on the 13th day of January, 1879.

Peter G. Fox, against whom judgment was directed by such opinion, died on the 25th day of January, 1879, before any further proceedings had been taken in the action.

Subsequently, plaintiff drew findings of fact and conclusions of law, in accordance with the opinion and direction of the justice before mentioned, and the same were signed by him.

Subsequently, the defendant Nellis was appointed executor of the last will of Peter G. Fox, deceased, and the action was, on motion of plaintiff, continued against him, and thereafter plaintiff, upon notice to the attorney who had appeared for Peter G. Fox, and without other notice, entered judgment against the executor making the said opinion, findings of fact and conclusions of law, part of the judgment roll and authority for the judgment.

Adams agt. Nellis.

Defendant Nellis now moves upon the judgment roll and affidavits that the findings of fact and conclusions of law, signed by the justice after the death of Fox, and the judgment entered thereon November 20, 1879, be set aside and vacated on the ground that the defendant Fox died before the decision was actually rendered against him; that after his death there was no party defendant till August 26, 1879, nor any attorney for said deceased or his successor in interest.

Section 763 of the Code of Civil Procedure provides, that if either party to an action dies after an accepted offer to allow judgment to be taken, or after a verdict, report or decision, or an interlocutory judgment, but before final judgment is entered, the court must enter final judgment in the names of the original parties, unless the offer, verdict, report or decision, or the interlocutory judgment is set aside.

Section 765 provides, " that this title does not authorize the entry of judgment against a party who dies before a verdict, report or decision is actually rendered against him. In that case the verdict, report or decision is absolutely void."

In determining this motion, it becomes necessary to decide what is intended to be a " decision " as used in these sections.

Section 1010 provides, that upon a trial by the court upon an issue of fact or of law, its decision in writing must be filed in the clerk's office within twenty days after the final adjournment of the term where the issue was tried. If it is not so filed, either party may move for a new trial upon that ground.

Section 1022 provides, " that the decision of the court, or the report of the referee upon the trial of the whole issue or fact, must state separately the facts found and the conclusions of law, and it must direct the judgment to be entered thereupon."

The decision intended by these sections is the written findings of facts and the conclusions of law, and the direction which is the authority for the final judgment to be entered, and must constitute part of the judgment roll.

The instrument signed by the justice and sent to the

respective parties January 10, 1879, is ordinarily called a decision, but it is not the decision referred to in the sections quoted from the Code of Civil Procedure.

It was an opinion stating the conclusions of the court upon the facts and law, with the reasons and authority therefor, and directing findings and conclusions to be drawn up and signed.

Such findings and conclusions, when signed and filed, would constitute the decision of the cause, and when so made would have removed the cause from the authority of the trial court. Until such decision the case was within its authority and control, notwithstanding the signing and delivery of the instrument of January 10, 1879.

When the decision contemplated by law was signed, the court could have properly made other and different findings and conclusions, and directed a different judgment from that stated to be proper in the opinion. For these reasons I think that no such decision had been made as the law contemplates, when Fox died, and that the subsequent findings of fact and conclusions of law, signed after his death, were void, and that such findings and conclusions, together with the judgment, entered upon the authority of the same, must be set aside (*See Thomas* agt. *Tanner*, 14 *How. Pr.*, 426; *Kissim* agt. *Hamilton*, 20 *id.*, 368; *Sands* agt. *Church*, 2 *Seld.*, 347; *Shearman* agt. *Justice*, 22 *How.*, 241; *Loeschick* agt. *Addison*, 3 *Robt.*, 332; *Amault* agt. *Sackett*, 17 *How.*, 507; *Chamberlain* agt. *Dempsey*, 14 *Abb.*, 241).

As a general rule, the death of the defendant operates as the vacation of the power of his attorney, and if it becomes necessary for the plaintiff to take any steps to affect the rights of his representatives, he must cause them to be brought in.

Although the Code is silent as to the manner in which the proceeding shall be taken to perfect a final judgment in the name of the original party, when a decision has been made and the party dies before judgment is entered, it would seem to be the better practice to have the personal representatives

made parties for the purpose of perfecting such judgment. See *Beach* agt. *Gregory* (2 *Abbt. R.*, 203), where the reason for such practice is clearly stated by judge WOODRUFF.

The attorney of Fox was not bound, after his death, to do anything toward further litigation, unless upon the retainer of the defendant Nellis.

The service of papers upon Cushney, after the death of Fox, should also be set aside.

Motion granted, with ten dollars cost.