In the Matter of the Application of the MAYOR, ALDERMEN
AND COMMONALTY OF THE CITY OF NEW YORK, to Acquire
Lands for Wharves.

An application for an order to appoint commissioners to estimate damages
in proceedings to condemn lands for city purposes, was heard at a Spe-
cial Term of the Supreme Court, held by a judge of the Superior Court
of the city of New York, who had been designated to hold Circuits and
Special Terms of the Supreme Court.    After submission of the applica-
tion, but before decision, said judge resigned, and was appointed a jus-
tice of the Supreme Court, to fill a vacancy then existing, and in that
capacity he decided the application and made the order asked for.    On
appeal from the order, *held*, that upon such resignation, all jurisdiction
over the case was lost, and so the order was void; and that the fact
that the same moment the said judge ceased to be a judge of the Superior
Court he became a justice of the Supreme Court was not material.
The provision of the Code of Civil Procedure (§ 25), empowering a judge
out of office to settle a case, or exceptions, or make a return of proceed-
ings had before him while in office, does not enable him to decide an
issue, or motion, nor does the provision (§ 26) authorizing the continua-
tion of certain proceedings commenced before one judge in the county
of New York or Kings, before another judge of the same court.    That
relates to a proceeding before a judge out of court, and has no applica-
tion to an issue or motion in an action or special proceeding heard by
the court.    This is so also as to the provision (§ 52) providing that in
case of resignation or other disability of an officer before whom a
special proceeding is instituted, it may be continued before his successor.
The provision of the Code (§ 236), authorizing the Governor to designate
judges of said Superior Court to hold Circuits and Special Terms of the

Supreme Court, and providing that after the expiration of the time for which such a judge was so designated, he may decide a proceeding or motion previously had before him, applies only where the judge still continues to be a judge of the court from which he was designated, not to a case such as this, where both the designation and the office have become vacant.

Reported below, 69 Hun, 270.

*Kelly* v. *Christal* (16 Hun, 242), distinguished.

(Argued June 20, 1893; decided October 3, 1893.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made May 12, 1893, which reversed an order of Special Term appointing commissioners of estimate and appraisal in condemnation proceedings.

The facts, so far as material, are stated in the opinion.

*Charles J. Blandy* for appellant. There is no force in the technical objection that Judge INGRAHAM had lost jurisdiction because, when the matter was first entertained, he was a judge of the Superior Court, but before he had decided it he had resigned as Superior Court judge, and became a Supreme Court judge by designation from the governor to fill a vacancy. (Code Civ. Pro. § 236; *Kelly* v. *Christal*, 16 Hun, 242.) There is no force in the objection that the dock department has no power to condemn the land sought to be taken in this proceeding, because its plan includes the construction of a street. (Laws of 1882, chap. 410, §§ 44, 711, 712, 713, 714, 715; Laws of 1870, chap. 137, § 99.)

*Gratz Nathan* for respondent. The order appealed from was made without jurisdiction, by reason of the fact that, after the hearing of the motion and before the decision thereof, the justice who had heard the motion resigned the office which he held at the time of the hearing, and was thereby deprived of the power to render a decision. (Laws of 1882, chap. 410, §§ 715, 964, 965; Code Civ. Pro. §§ 25, 26, 52; *Dresser* v. *Van Pelt*, 15 Hun, 19; *Woodruff* v. *S. F. Ins. Co.*, 90 N. Y. 521; *In re Redding*, 14 Civ. Pro. Rep. 47; *Kelly* v. *Christal*, 16 Hun, 242.) The dock department has no author-

ity to condemn the land sought to be acquired in this pro-
ceeding for the purposes of a public street. ( *Williams* v.
*Mayor*, etc., 105 N. Y. 419.)

O'BRIEN, J.   The order appealed from reversed an order
appointing commissioners to estimate the damages in an appli-
cation by the city, through the proper department, to acquire
land under water and certain wharf property for public use,
in order to improve the water front in or adjacent to certain
streets.   The application was submitted to Judge INGRAHAM
at a Special Term of the Supreme Court, at which he presided.
At the time he was a judge of the Superior Court of the city
of New York, designated by the governor to hold Circuits
and Special Terms in the Supreme Court, under the provis-
ions of § 12, art. 6 of the Constitution and § 236 of the Code.
After the application was submitted to him and before the
decision he resigned the office of judge of the Superior Court
and was appointed a justice of the Supreme Court by the gov-
ernor, to fill a vacancy in that office then existing, and in his
capacity of justice of the Supreme Court, presiding at the
Special Term, he decided the application and made the order
which was appealed from March 18, 1892. · The General
Term reversed upon the ground that the judge who made the
order lost jurisdiction of the matter upon his resignation of
the office of judge of the Superior Court.   The statute under
which the proceedings were instituted conferred power upon
*the court* to hear and determine the questions involved and
not upon a judge out of court.   (Laws 1882, chapter 410,
§§ 715, 964, 965.)   In general, it may be said that the powers
of a judge of a court, with respect to actions or proceedings
pending before the court over which he presides, terminate
when he ceases to be a judge or when his office expires by
resignation, removal, expiration of his term or otherwise.   In
order to prevent a failure of justice, or great expense and
inconvenience to suitors or parties having business before the
court, or before judicial officers, this rule has been, in excep-
tional and specified cases, modified by statute.

There is no reason, however, for attempting, by any strained or doubtful construction of these statutes, to bring cases within them not embraced within the language used or their plain scope and intention. This would be so in any case, but it would seem to be specially applicable to a case like this, where private property is sought to be obtained for public use without the consent of the owner. In such a case, where the power is challenged at every step, there ought not to be any question in regard to the jurisdiction of the court to divest the owner of the title and transfer it to another.

In this case, after the application was made and submitted, and before any decision was rendered, the judge of the court before which it was heard resigned, and thus both his designation by the governor to act and his office became vacant. All further power or jurisdiction over the case was lost unless saved by some statute. The Code (§ 25) empowers a judge out of office to settle a case or exceptions, or make return of any proceedings had before him while in office, but this does not enable him, after his general judicial functions have ceased, to decide an issue or motion. Section 26 is specially applicable to the city and county of New York and the county of Kings, and relates to special proceedings instituted, or a proceeding commenced, before a judge out of court in an action or special proceeding pending in court, and authorizes a continuance of them before another judge of the same court. The precise scope and meaning of this provision is left in some doubt by the decisions, but it is safe to affirm that it relates to a proceeding before the judge, out of court, acting as an officer, and has no application to an issue or motion in an action or special proceeding heard by *the court* before the office of the judge holding the same was vacated. ( *Woodruff* v. *Imperial Fire Ins. Co.*, 90 N. Y. 521; *Dresser* v. *Van Pelt*, 15 How. Pr. 19.)

Section 52 provides that in case of the death, sickness, resignation, removal from office, absence from the county or other disability of *an officer* before whom a special proceeding has been instituted, where no express provision is made by

law for the continuance thereof, it may be continued before his successor, etc.  This section also applies, not to a proceeding in court, but to one before an *officer*, and manifestly this case is not within it.  The only statutory provision upon which the learned counsel for the corporation relies or can rely to uphold the jurisdiction to make the order in question is the last part of § 236, which is the statute wherein the legislature conferred power upon the governor, in pursuance of the Constitution, to designate judges of the Superior Court and Court of Common Pleas to hold Circuits and Special Terms in that city.  This designation must be in writing and must specify the terms to be held and the judge who is to hold them.  The last paragraph was added in 1880 and is as follows: "And a judge thus designated may, after the expiration of the period of such designation, decide, finally determine and dispose of any action, proceeding or motion that may have been tried or heard before him, and such judge, during the period of designation, possesses within the city of New York all the powers of a justice of the Supreme Court in and out of court, to make orders in any action or special proceeding in the Supreme Court."

This provision confers power upon a judge of the Superior Court or Court of Common Pleas, who has heard a case in the Supreme Court, under a designation by the governor, to decide the same after the designation expires.  But it applies only to a case where the judge who heard the cause still continues to be a judge of the court from which he was designated, and not to a case like this where both the designation and the judicial office have become vacant by resignation. When Judge INGRAHAM heard this case he was a judge of the Superior Court.  When he decided it he was a justice of the Supreme Court.  The designation of the governor empowered him to perform some of the duties of a justice of the Supreme Court, within a specified political division of the state, but he held the same office as before and no other.  The fact that he became a justice of the Supreme Court at the same moment of time that he ceased to be a judge of the Superior Court

does not change the case. The question remains the same as if a period of time intervened between the two events, or another person had been appointed to fill the vacancy in the Supreme Court. All the jurisdiction which he had to make the order in question was acquired by and after his appointment to the Supreme Court. He did not carry with him into the new office any jurisdiction that he acquired in the old. He had the same power and no other to decide a case heard by him in the Supreme Court, as a judge of the Superior Court, that was possessed by any of his associates in the Supreme Court who had not heard the case at all. The jurisdiction which he acquired by the submission of the application did not survive his resignation and attach to him in his new capacity. It has been held that where the term of a justice of the Supreme Court expired during a trial, and he immediately entered upon a new term under a re-election, that he had jurisdiction to conclude the trial and decide the case. (*Kelly* v. *Christal*, 16 Hun, 242.)

That case was mainly decided upon the fact that after the new term commenced the parties appeared before the judge and went on with the case without raising any question or making any objection until after the decision. Even if what was said in that case with respect to the continuous power of a judge who is his own successor be correct, it cannot well be applied here, as Judge INGRAHAM was not his own successor, nor were all his judicial acts performed as a judge of the same court. He was the successor of a justice of the Supreme Court whose office became vacant by death, and it cannot be said, as it was in that case, that he was a judge of the court at every moment of time while the cause was before him, and hence retained jurisdiction.

We think that the views expressed by the General Term are correct, and that the order should be affirmed, with costs.

All concur.

Order affirmed.