ants obliged to wait until judgments were entered against them, and then review the question on appeals from those judgments? It is settled that when a decision of a court, or the report of a referee, awards costs to a party, the clerk, in entering judgment, must follow the decision or the report. But, so far as I know, it has never been held that before the judgment has been entered in an action at law the question of costs cannot be reviewed by a special term. An offer of judgment by a defendant cannot be given in evidence on the trial, and in case a special term or referee should award costs in favor of the plaintiff, and the recovery should be less favorable than the defendant's offer, and the clerk should refuse to give the defendant the benefit of his offer, can it be doubted that a special term would have, before judgment entered, the power to review the action of the clerk? I think not. In case a party desires to review only a question of costs in an action at law, there is no reason for requiring him to await the entry of a judgment, and then take an appeal. Such a practice would put litigants to needless labor, expense, and delay, and unnecessarily occupy the time of the appellate courts in determining questions which ought to be disposed of in the first instance by the special terms.

The orders should be modified, and the clerk directed to tax one bill of costs and taxable disbursements in favor of the plaintiff, and to tax the referee's fees—$15—in 14 actions, and the taxable disbursements pertaining to each action, not taxing the same item, except referee's fees, in more than one action; and he is also directed to tax the bills of costs as presented in favor of every one of the 15 defendants. Neither party having fully succeeded on this appeal, the orders, as modified, are affirmed, without costs.

GREEN, J., concurs.

(6 App. Div. 567)

FIFTH AVE. BANK OF NEW YORK v. FORTY-SECOND ST. & G. ST.
FERRY R. CO.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

1. TRIAL—EXCEPTIONS HEARD AT GENERAL TERM—JURISDICTION OF SPECIAL
   TERM.
   Const. 1895, art. 6, § 6, vests in the supreme court jurisdiction of all actions and proceedings pending at its adoption in the circuit courts which were by it abolished. Code Civ. Proc. § 1000, then in force, authorized a trial judge to direct an order to be entered for the hearing of exceptions in the first instance by the general term, on application of a party taking exceptions. *Held*, that the special term is without jurisdiction to order exceptions taken in the circuit court, in an action not pending when the constitution took effect, to be heard in the first instance by the general term; and the fact that the special term judge was the trial judge also is immaterial.

2. SAME—PRIOR TO CONSTITUTION OF 1895.
   Under Code Civ. Proc. § 1000, prior to the abolition of circuit courts by the constitution of 1895, authorizing a trial judge to direct an order to be entered for the hearing of exceptions in the first instance by the general term, the special term had no jurisdiction to direct the entry of such an order.

Appeal from special term, New York county.

Action by the Fifth Avenue Bank of New York against the Forty-Second Street & Grand Street Ferry Railroad Company to recover stock. There was a verdict directed for plaintiff in the circuit court in 1891 for a part of the stock sued for, and from an order of the supreme court at special term, made in 1896, directing the exceptions of plaintiff taken at the trial to be heard at the appellate term of the supreme court, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Freling H. Smith, for appellant.
Edward C. James, for respondent.

BARRETT, J. This action was tried at a circuit held in this county in the month of October, 1891. When the testimony was all in, the plaintiff requested the court to direct a verdict in its favor for the value of 210 shares of the defendant's stock. The motion was denied, and the plaintiff excepted. The court then, upon the plaintiff's motion, directed a verdict in its favor for the value of 160 shares of the defendant's stock. To this direction the defendant excepted. The court, then, to quote from the record, "ordered the exceptions to be heard in the first instance by the general term." Upon the 28th of the same month, and during the same term, the defendant entered an order, upon this direction, that its exceptions be thus heard. No such order, however, was entered by the plaintiff. Four years later the plaintiff made the application now under review, which was an application to the supreme court at special term to have an order entered at the present time directing its exceptions, so taken upon the trial at circuit in October, 1891, to be now heard at this appellate division. This application was granted, and such an order was made. From that order the defendant appeals.

Section 1000 of the Code of Civil Procedure, as it was in force in October, 1891, provided that the judge presiding at the trial might, in his discretion, at any time during the same term, upon the application of a party who had taken one or more exceptions, direct an order to be entered that such party's exceptions be heard in the first instance at the general term. This was and is the only provision of law for the exceptional procedure in question. We find nothing in the record to indicate that the plaintiff resorted to this procedure, or that it was its intention to do so. Nor did the trial judge, at any time during the term, direct an order to be entered, either upon the plaintiff's application, or upon his own motion, that the plaintiff's exception be thus heard, nor was any such order entered in the minutes of the court. The only application which the plaintiff made was for a verdict in its favor. The record reads as follows:

"The court then directed a verdict for the plaintiff in the sum of $37,928.80, and ordered the exceptions to be heard in the first instance by the general term. Defendant excepts."

If the trial judge meant, by this general expression, "the exceptions," to cover the exceptions of both sides, and if the plaintiff so understood him, and desired to proceed in that manner, why was not an order prepared and entered upon the oral decision thus made? The plaintiff saw that its adversary prepared and entered such an order upon its own account, and that that order limited the direction to the defendant's exceptions. It would seem, therefore, that the matter was not overlooked, and that the plaintiff did not then desire, and consequently did not apply for, such written direction. It knew, or should have known, that what the trial judge orally directed was not the direction contemplated by the statute. A direction of a court or judge must be in writing, unless otherwise specified in the particular case. Code Civ. Proc. § 769. Nothing was otherwise specified in this particular case. What was required by section 1000 of the Code, therefore, was a direction in writing, signed by the judge presiding at the trial. That written direction might have been given, in his discretion, at any time during the October term. It could not have been given after that term. When the October term of the circuit court ended without that direction in writing having been given, the door was closed, so far as this special method of review was concerned. The circuit courts were not mere branches or terms of the supreme court. Jury cases pending in the supreme court were tried there. But the courts themselves were independent tribunals, the same as were the courts of oyer and terminer. Code Civ. Proc. § 2. The supreme court was never authorized to make the order referred to in section 1000 where the trial was had in a circuit court. That order was solely within the discretion of the judge presiding at the trial at circuit, and the exercise of that discretion was limited to the term of the circuit court at which the trial was had. If the trial judge failed to effectuate his oral direction by a direction in writing given before the end of the term, an appeal could only be taken and heard in the ordinary manner. The supreme court certainly could not make the order for the trial judge, nor could it direct the entry of an order which he had not made.

There are other considerations which point with equal force to the lack of authority for the order appealed from. Since the trial of this action, circuit courts have been constitutionally abolished, and when the present motion was made these courts had ceased to exist. At the time of the trial the learned judge who presided was a judge of the superior court of this city. His term of office as such judge expired upon the 31st day of December, 1894. He then ceased to hold judicial office until the 1st day of January, 1896, when he became, by election had in November, 1895, a justice of the supreme court. The jurisdiction of the circuit courts was by the new constitution vested in the supreme court, and all actions and proceedings pending in such courts were transferred to the supreme court for hearing and determination. Const. art. 6, § 6. But this action was not pending in the circuit court when the new constitution went into effect, nor was any proceeding in this action then pending therein. The order appealed from was therefore a

direction made by and in the supreme court that an exception taken in the circuit court (which had then ceased to exist) be heard before this appellate division. For this direction we know of no authority.

If, however, the order be treated, as the plaintiff contends it should be, as the formal reduction to writing of what the trial judge had orally directed, then we have an order made in a court which has ceased to exist by a judge who has ceased to exist judicially. This objection to the order is not affected by the fact that the learned judge who originally presided at the trial happened to be the particular justice of the supreme court who made the present order. This order was made by the supreme court at special term, Mr. Justice Truax presiding. Mr. Justice Truax of the supreme court could not enter an order upon an oral direction made by a former judge of the superior court, although that former judge happened to be himself. In re Mayor, etc., of City of New York, 139 N. Y. 140, 34 N. E. 757. Nor could the special term of the supreme court, though presided over by Mr. Justice Truax, direct that exceptions which were formerly taken at a term of an abolished circuit court be heard in the first instance at this appellate division.

We might advert to the fact that the defendant's exceptions were overruled by the general term, and judgment rendered in the plaintiff's favor upon the verdict which was directed at the trial. 17 N. Y. Supp. 826. That judgment was subsequently affirmed by the court of appeals (33 N. E. 378), and thereupon the judgment was paid and satisfied. All this had happened before the motion under review was made. It is difficult to perceive how, thereafter, the plaintiff could under any circumstances review his exception.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

(7 App. Div. 321)

### GALLAGHER v. McMULLEN et al.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

Appeal from trial term, New York county.

Action by Lizzie Gallagher, administratrix, against Arthur McMullen and others, to recover damages for the death of plaintiff's intestate alleged to have been caused by the negligence of defendants. From a judgment entered on a verdict in favor of plaintiff for $2,680 and costs, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.