(173 App. Div. 524)

### SMITH v. SMITH et al.

(Supreme Court, Appellate Division, Third Department.　June 30, 1916.)

1. APPEAL AND ERROR ☞1198—REMAND—TERMS OF REMITTITUR.

　　Where the Court of Appeals sent the case back to the Appellate Division "to pass upon the appeal from the judgment in and of itself, without reference to any supposed order denying a motion for new trial," unless the formal order subsequently procured by appellant, denying his motion for new trial, was procured legally, the Appellate Division must follow the direction of the Court of Appeals.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4668; Dec. Dig. ☞1198.]

2. NEW TRIAL ☞114—AUTHORITY OUT OF OFFICE—STATUTE.

　　Code Civ. Proc. § 25, providing that, if a judge is out of office, he may settle a case or exceptions, or make any return of proceedings had before him while in office, did not give a judge of a County Court authority to make an order denying defendant's motion for new trial three years after such judge was out of office, or to sign an order previously made.

　　[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 234–236; Dec. Dig. ☞114.]

<hr>

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeals fom Trial and Special Terms, Erie County.

Action by Birt Smith against John L. Smith, individually and as one of the executors of Uretta Smith, deceased, and others. From a judgment for defendant Lyman C. Smith, and orders denying a motion for new trial, defendant John L. Smith appeals; and from an order of a former judge of the County Court refusing to vacate an order, and from another order of the County Court, defendant Lyman C. Smith appeals. Judgment appealed from affirmed, and appeals of Lyman C. Smith dismissed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Ira W. Smith, of Springville, for appellant.
Scott & King, of Springville, for appellee John L. Smith.
Ernest F. Kruse, of Buffalo, for appellee Lyman C. Smith.

HOWARD, J.  This action was tried in the County Court of Erie County. · A judgment was rendered July 11, 1913, in favor of the defendant Lyman C. Smith. An appeal to the Appellate Division of the Fourth Department was taken by the defendant John L. Smith from the judgment and from a supposed order denying a motion for a new trial. This resulted in a reversal of the judgment and supposed order and the granting of a new trial. Upon review in the Court of Appeals it was discovered by that court that the record in the Appellate Division contained no order denying a motion for a new trial, and therefore the Court of Appeals reversed the Appellate Division and remitted the case to that court to pass upon the appeal from the judgment without reference to any supposed order denying a motion for a new trial. Certain peculiarities which characterized the trial are pointed out in the opinion of the Court of Appeals. 216 N. Y. 495, 111 N. E. 77. Certain other remarkable irregularities and unusual features have developed since, as will be observed by our recital of the events and incidents which followed the reversal by the Court of Appeals.

The defendant John L. Smith has attempted to remedy the defect in the original record by having a formal order denying his motion for a new trial made and entered as of date May 21, 1913. Some difficulties have presented themselves. Hon. Harry L. Taylor, who was the County Judge before whom the action was tried, has long since ceased to be County Judge; nevertheless the defendant John L. Smith has procured from him an order denying the motion made by him for a new trial. The order was "signed January 7, 1916, nunc pro tunc." In the caption and by a footnote it purports to have been granted May 21, 1913.

Not being quite satisfied with this, the defendant John L. Smith on January 24, 1916, procured from the County Judge of Erie County (Hon. Philip A. Laing, the present County Judge of Erie County, presiding) an order directing that the original order under date of May 21, 1913, made by County Judge Taylor, be entered, and directing the form of the order so made by County Judge Taylor, and further directing the order of County Judge Taylor, made January 7, 1916, to be the record and order of the court, and directing the clerk to sign

the same nunc pro tunc as of May 21, 1913. The defendant Lyman C. Smith moved before Hon. Harry L. Taylor to vacate the order made by him January 7, 1916. This motion was denied.

Out of all this medley of practice come four appeals to this court, the same having been sent here by the Fourth Department. The defendant John L. Smith presents for consideration again the original appeal from the judgment; he also appeals from the order, or orders, just recently obtained, denying his motion for a new trial. An appeal is taken by the defendant Lyman C. Smith from the order of Hon. Harry L. Taylor refusing to vacate his order of January 7, 1916; he also appeals from the order of the County Court of Erie County, above described, dated January 24, 1916.

[1, 2] The Court of Appeals sent the case back to the Appellate Division "to pass upon the appeal from the judgment, in and of itself, without reference to any supposed order denying a motion for a new trial." But the defendant John L. Smith is not willing that it should be heard in that manner; he has undertaken, by procuring a formal order denying his motion for a new trial, to force us to consider the appeal from the judgment, not as the Court of Appeals directed that it be heard, that is, "without reference to any supposed order denying a motion for a new trial," but in connection with such an order. Unless this order, injected now into the record, was procured legally, we must, of course, "pass upon the appeal from the judgment in and of itself without reference" to the order, as directed by the Court of Appeals. In procuring the order of January 7, 1916, from Judge Taylor, the former County Judge of Erie county, the defendant John L. Smith assumed to act under the authority of section 25 of the Code of Civil Procedure, which, so far as material, reads:

"After a judge is out of office, he may settle a case or exceptions, or make any return of proceedings, had before him while he was in office, and may be compelled so to do, by the court in which the action or special proceeding is pending."

We do not consider this provision of the Code sufficient authority for the extraordinary procedure resorted to here. This provision gives a judge out of office authority to settle a case, but not to make an order in a case three years after he is out of office, or sign an order previously made. It would be straining this simple, plain, provision of law beyond all reasonable limits, were we to sanction the practice followed here. It has been held that we should not do so. Matter of Mayor, etc., 139 N. Y. 140, 34 N. E. 757.

We cannot lend approval to irregularities so unusual and so unnecessary as were resorted to in this case. Were we to tolerate the practice followed here, it would bring to naught the sections of the Code and the rules of procedure. It would license and invite all sorts of freaks and tricks and stratagems, and, instead of method and system, our procedure would become disorder and confusion. In this very case the Court of Appeals was particular and exacting as to the practice, and declared that "regularity of procedure" required it to reverse the Appellate Division. With the Court of Appeals demanding "regularity of procedure" in this case, how can we give sanction

to this eccentricity of procedure and countenance the abnormalities presented here?

Without the order of January 7, 1916, denying the motion for a new trial, the case appears before us just as it appeared before the Fourth Department on the first appeal. There having been no exception taken which would warrant a reversal of the judgment on an appeal from the judgment alone, it follows that the judgment appealed from should be affirmed, with costs. Inasmuch as there were no valid orders denying the motion of the defendant John L. Smith for a new trial, the appeal from those orders falls, and must be dismissed. For the same reason, the two appeals of the defendant Lyman C. Smith are dismissed. The result of our conclusions as to these several appeals is that the original judgment in favor of the defendant Lyman C. Smith, stands.

Judgment affirmed, with costs. Appeals from orders denying motion of the defendant John L. Smith for a new trial dismissed. The two appeals of Lyman C. Smith dismissed. All concur; KELLOGG, P. J., in result.