DANIEL WOOLF, Plaintiff, *v.* SUSIE WOOLF and MARTHA G. HARRISON SANDER, Defendants.

Supreme Court, Kings County, March 20, 1926.

Trial — decision — motion was granted resettling findings and interlocutory judgment but order not entered — thereafter justice making decision caused memorandum to be published in New York Law Journal to effect that judgment should be vacated and new decision and judgment rendered — said memorandum was not decision — justice making decision has retired from office — another justice cannot now make new findings or modify decision and judgment.

A memorandum caused to be published in the New York Law Journal by a justice of the Supreme Court, to the effect that orderly procedure required that the prior decision by him and an interlocutory judgment thereon be vacated and that a new decision and judgment be signed and entered, which memorandum was published after a motion had been granted to resettle the findings and judgment, upon which an order was not entered, is not a decision within the meaning of the law, and, therefore, another justice of the Supreme Court cannot, after the retirement of the justice making the original decision, make new findings or modify the decision and judgment made by the justice trying the case.

APPLICATION to vacate decision and interlocutory judgment, made by a justice of the Supreme Court whose term has expired, and to have a decision made and an interlocutory judgment entered as suggested by said justice.

*Robert L. Turk,* for the plaintiff.

*Meyer Nussbaum* [by *George H. Zahn*], for the defendant Susie Woolf.

*George K. Jack,* for the defendant Martha G. Harrison Sander.

HAGARTY, J. This case was tried before Mr. Justice BENEDICT in the equity branch of this court, on the 22d and 23d days of April, 1925. Findings of facts and conclusions of law were signed by Mr. Justice BENEDICT, and an interlocutory judgment was duly made and entered. Thereafter, a motion was made to resettle the findings and judgment to correct an error in the findings. The motion was granted on the 2d day of July, 1925, but an order thereupon was never entered. Thereafter, and on the 17th day of October, 1925, Mr. Justice BENEDICT published a memorandum in the Law Journal to the effect that orderly procedure required that the decision and interlocutory judgment be vacated and that a new decision and judgment be signed and entered. In this memorandum it was indicated that two of the old findings be altered in material respects, and that a new and material con-

clusion of law be added. Since then, nothing further was done, and Mr. Justice BENEDICT's term expired. I am now asked to vacate the original decision and interlocutory judgment, make a new decision, as outlined by Mr. Justice BENEDICT, and enter the interlocutory judgment suggested by him.

The memorandum in the Law Journal by Mr. Justice BENEDICT does not constitute a decision within the meaning of the law. (*Adams* v. *Nellis*, 59 How. Pr. 385; *Kent* v. *Common Council*, 90 App. Div. 553; *Bascombe* v. *Marshall*, No. 2, 129 id. 518; *Dann* v. *Palmer*, 151 id. 151, 153, 154; *Kennedy* v. *Smith*, 202 id. 249.) Since Mr. Justice BENEDICT's jurisdiction ceased with the expiration of his term, no justice can now make new findings or modify the decision and judgment made and entered by him in a case tried before him. (*Matter of Mayor*, 139 N. Y. 140, 142, 143; *Smith* v. *Smith*, 173 App. Div. 524; *Fifth Ave. Bank* v. *42d St. R. R. Co.*, 6 id. 567, 570.) This would be tantamount to a trial by successive justices, which is not allowable. (*Belmont* v. *Ponvert*, 3 Robt. 693, 696; *Chamberlain* v. *Dempsey*, 15 Abb. Pr. 1.)

Application must be denied.