SALINA CONSTRUCTION & SUPPLY Co., INC., Plaintiff, *v.* RICHARDS CONSTRUCTION Co., INC., Defendant.

Supreme Court, Special Term, Yates County, April 23, 1951.

*Joe Schapiro* for defendant.

*Charles J. Engel* for plaintiff.

BLAUVELT, J. This action was brought by plaintiff to discharge a public improvement lien and for an accounting between the parties. The facts of the case and the claims of the litigants at the trial are not of much importance on this motion. Suffice it to say, that the plaintiff was a prime contractor under a written contract with the State of New York, engaged in certain construction work in connection with highway improvements; that defendant was a subcontractor of plaintiff under an oral contract to furnish work, labor, services and materials necessary for the construction of certain drainage structures and appurtenances included in the main contract.

The issues in this action were tried before Mr. Justice FRED D. CRIBE, of the Supreme Court, without a jury in May, 1950. Decision was reserved and the parties agreed that decision should not be rendered until briefs had been filed and the

minutes of the trial had been transcribed and furnished to the court. There was great delay on the part of the attorneys in preparing the briefs; in fact, it was not made clear on the argument of this motion nor does it appear from the papers filed whether the required briefs were ever submitted. Be that as it may, no decision was made or judgment rendered during the year 1950.

On December 31, 1950, he having attained seventy years of age, the term of office of Justice CRIBB expired, in accordance with Constitutional and statutory provisions. (N. Y. Const., art. VI, § 19; Judiciary Law, § 23.)

On January 6, 1951, upon the written stipulation and the joint motion of the attorneys of record for the parties, Justice CRIBB made and signed his decision and order directing judgment for the defendant on its counterclaim against the plaintiff, *nunc pro tunc* as of December 29, 1950, and judgment was accordingly entered in the office of the Clerk of Yates County as of December 29, 1950. The judgment awarded defendant the sum of $5,007.09, directed the plaintiff to pay $4,430.09 thereof in varying amounts to seven different materialmen claiming liens, and provided that the balance of the award be paid to the defendant and its then attorney of record; also, the judgment made provision for the satisfaction and discharge of a public improvement lien theretofore filed by the defendant with the Department of Public Works of the State of New York.

Plaintiff in compliance with the order of the court contained in the judgment, made the payments directed thereby and expended the sum of $5,007.09. Included in this amount was a check for $577, made payable to the order of the defendant Richards Construction Co., Inc., and its then attorney of record, which check was separately indorsed by the two named payees, and cashed and the proceeds thereof retained by them.

Defendant has engaged the services of its present attorney of record and brings this motion to vacate and set aside the decision and judgment rendered by Justice CRIBB on the ground that when he acted on January 6, 1951, he had no authority, his term of office having expired.

Plaintiff urges that defendant is bound by its stipulation entered into by its attorney of record and that having so stipulated and having accepted and retained the payment directed by the judgment, defendant is estopped from now questioning the authority and capacity of the Justice.

The question presented is one of jurisdiction. The unfavorable aspects of this motion, where a party to an equitable action has repudiated the written stipulation of its attorney of record, do not justify this court in overlooking established principles of law. The only authority that a judge out of office has is to settle a case or exceptions, or to make any return of proceedings. (Civ. Prac. Act, § 79.) After his general judicial functions and jurisdiction have ceased, a Justice has no power to decide an issue or motion. (See *Matter of Mayor of City of New York,* 139 N. Y. 140; *Williamson* v. *Randolph,* 111 App. Div. 539; *Smith* v. *Smith,* 173 App. Div. 524; *Woolf* v. *Woolf,* 126 Misc. 868, and *Van Bel Co.* v. *Board of Educ.,* 142 Misc. 492.)

On December 31, 1950, all general judicial powers and jurisdiction which Justice Cribb had as a Justice of the Supreme Court ceased, *eo instanti.* It is quite clear that from the time of the expiration of his term, made mandatory by State Constitution and statute, he was *functus officio,* so far as any power to render a decision or judgment in this action. If a former member of the judiciary is to be permitted to decide an issue six days after he is out of office, there is no logical reason why he could not so act six months or even six years after his term had expired; such cannot be permitted.

Plaintiff argues that defendant, having consented by stipulation that Justice Cribb could act, is now estopped from raising the question of jurisdiction. This position is untenable. It is the long-established law of this State that where a Judge is divested of his judicial functions, all proceedings before him are void and consent of parties cannot confer jurisdiction where none exists. (See *Oakley* v. *Aspinwall,* 3 N. Y. 547; *Rodding* v. *Kane,* 14 Daly 535, and *People* v. *Whitridge [No. 2]*, 144 App. Div. 493.)

Plaintiff urges that if defendant's motion is to be granted, the defendant should be required to return the $5,007.09 paid out by plaintiff pursuant to the direction contained in the judgment. This court is without authority to impose any such terms as a condition precedent to granting defendant's motion, the application being an assertion of a right rather than a request for a favor.

The result reached on this motion may appear inequitable to the plaintiff, but it is not without remedy to redress the alleged wrong. It would seem that the court would entertain a motion on the part of plaintiff to amend or supplement its pleadings to set up any facts which have occurred since the commence-

ment of this action. In that way the question of estoppel and any other questions arising out of the execution of the stipulation and acceptance of the proceeds paid under the judgment could be put in issue and determined, possibly summarily or at least on a retrial. Or, if the cause is ordered back on the trial calendar, an application for an order of reference might possibly result in the court referring the matter to Honorable FRED D. CRIBB, Official Referee, for determination, which might obviate the necessity of a retrial.

This court having no discretion in the matter, motion of defendant is granted. Defendant is entitled as a matter of right to an order vacating and setting aside the decision and judgment rendered *nunc pro tunc* herein on January 6, 1951.

Settle order on three days notice.