James D. Hurley, J.
This is a motion by the plaintiff for the taxation of costs of the plaintiff, an award of additional costs pursuant to subdivision 2 of section 1513 of the Civil Practice Act and for the direction of entry of judgment in favor of the plaintiff pursuant to a decision of Hon. Eabl W. Tabob, Wayne County Judge, dated and filed September 18,1956.
The defendants claim that the decision of the court was indefinite and ambiguous, not in proper form, and that this court, as presently constituted, has no authority to direct entry of judgment thereon.
This is an action for foreclosure of mortgage which was tried before Hon. Eabl W. Tabob, Wayne County Judge, without a jury on the 9th day of December, 1955. The decision, as above stated, was not entered until September 18, 1956, a short time before the County Judge hearing the case resigned from office.
Since the argument of this motion, the attorney for the plaintiff, John J. Moore of Sodus, New York, has died and Carl L. Katz of Wolcott, New York, has been duly substituted as attorney for the plaintiff.
During the trial, the defendants, Helen Y. Wells Sidell and William Wells moved to amend their answers to set up a counterclaim alleging that the plaintiff represented to the said defendants that there were certain items of work which remained to *122 be done in completing the building of the house, upon the mortgaged premises and that the plaintiff would complete the building of the house; that the plaintiff failed and refused to complete the work necessary to the proper building of the house, and that the cost thereof should be allowed as a counterclaim in this action. Decision was reserved on this motion and said defendants were allowed to present testimony concerning the same.
At the conclusion of the trial both the plaintiff and the defendants submitted findings. The court approved all the proposed findings of fact submitted by the plaintiff and denied all the proposed findings of fact submitted by the defendants, except as to one item. These findings of fact were referred to in the decision and incorporated therein.
The decision permitted the amendment of the pleadings by the defendants, Helen V. Wells Sidell and William Wells to set up the counterclaim above mentioned, decided that the proofs submitted were insufficient to sustain the counterclaim and dismissed the counterclaim, not only on the ground of insufficient evidence to prove the same but on the further ground that the counterclaim, if proved, was an asset of the trustee in bankruptcy of Helen V. Wells Sidell and that the trustee in bankruptcy made no claim in this action. The decision filed by the court is sufficient in form and content to dismiss the counterclaim.
At the end of the decision, the court states: ‘1 All other motions upon which decision was reserved are denied ”.
The only “ other ” motions which appear from the record as being motions upon which decision was reserved, are motions by the attorney for the plaintiff to strike out an affirmative defense of usury interposed by the defendants, Helen Y. Wells Sidell and William Wells. These motions were apparently denied by the court.
It does not appear from the record that either the attorney for the plaintiff or the attorney for the defendants, Helen Y. Wells Sidell and William Wells, moved for judgment.
However, according to section 440 of the Civil Practice Act, each party shall be deemed to have made a motion for judgment in his favor and the court, so far as practicable, by its decision, shall grant one or more of said motions for judgment. The court must also, costs being discretionary, award costs and designate the party to whom the costs are awarded.
While it is obvious from the findings of fact found by the court, that the court intended to award judgment to the plaintiff, this was not done by the decision as filed.
*123 Assuming, as provided in section 440 of the Civil Practice Act, that each party shall be deemed to have moved for judgment in his favor, the court in its decision expressly denied those motions, thus leaving the ease undecided in all respects, except as to the counterclaim which was expressly denied.
Since this court as presently constituted did not hear the evidence, it cannot make a decision or grant the motion for costs. (Van Bel Co. v. Board of Educ., 142 Misc. 492.)
The motion for costs and an extra allowance is hereby denied.
Judgment should be entered dismissing the counterclaim on the merits.
The case should be set down for a new trial of all the issues, except the issue raised by the counterclaim, inasmuch as the case cannot be remitted to the Judge before which it was tried, for the making of a proper decision. (Matter of Mayor, etc., of City of N. Y., 139 N. Y. 140; Salina Constr. & Supply Co. v. Richards Constr. Co., 200 Misc. 796.)
Settle order on five days’ notice.