### RODDING *v.* KANE *et al.*

*(Common Pleas of New York City and County, General Term.* May 18, 1888.)

JUDGE—EXPIRATION OF TERM—RIGHT TO HEAR PENDING CAUSE.

> Under Code Civil Proc. N. Y. § 52, providing that in case of the death, sickness, or other disability of an officer before whom a proceeding has been commenced, where the law does not expressly provide for a continuance thereof, such proceeding may be continued before his successor; and Laws N. Y. 1882, c. 410, § 1390, providing that no suit before a district court shall abate by reason of the vacancy in office of the justice thereof, but his successor shall proceed to hear, determine, and give judgment therein,—a justice of such court has no jurisdiction to decide a case after his term of office has expired, the evidence in which was taken before him during his term, though the parties consent thereto.

Appeal from district court; HENRY P. McGOWAN, Judge.

Action by Bertha Rodding against Terence Kane and others to recover the possession of land. Judgment for plaintiff, and defendants appealed.

*J. W. Cowan,* for appellants. *B. C. Chetwood,* for respondent.

PER CURIAM. In the month of December, 1887, the Hon. HENRY P. McGOWAN, then justice of the Ninth judicial district court, issued a precept in summary proceedings for the possession of land claimed to belong to Bertha Rodding, and occupied by Terence Kane and others as squatters. Issue was joined on the 28th of December, 1887, and the testimony was closed on that day, and the case was, by consent of the parties, adjourned to January 4, 1888, for the submission of briefs. The Hon. HENRY P. McGOWAN ceased to be justice of the Ninth district court at the close of the year 1887 by reason of the expiration of his term of office. On the 5th of January, 1888, the late justice assumed to decide this case in favor of the petitioner, and signed a final order awarding possession of the premises to her, and delivered the order to the clerk or deputy of the Ninth district court. The question thus presented is whether, in a summary proceeding, the justice instituting the same has any authority or jurisdiction to determine the case, and sign a final order after the expiration of his term of office.

Section 26 of the Code of Civil Procedure relates to special proceedings before a judge of a court of record, and not to district courts. Section 52 of the

Code provides that in case of the death, sickness, resignation, removal from office, absence from the county, or other disability of an officer before whom the special proceeding has been instituted, where no express provision is made by law for a continuance thereof, it may be continued before the officer's successor. But this does not give the former officer a right to continue a proceeding commenced before him during his term of office after his term of office has expired. Section 2246 of the Code provides that, at the time of joining issue, a justice of the district court, or, in his absence, the clerk, may, by consent of the parties, make an order transferring the cause for trial to a district court of an adjoining district; and section 1390 of the consolidation act (chapter 410, Laws 1882,) provides: "No process, suit, judgment, execution, or proceeding had before either of the courts held by either of the said justices shall abate or be discontinued by reason of the death, removal from office, or vacancy in office of any justice, but the respective successors in office of the said justices shall proceed to hear, try, determine, and give judgment in and upon the same, and upon all matters and things pending before and undecided by their predecessor in office, with the same powers, jurisdiction, and authority as their predecessors had." From this section it is clear that Ex-Justice McGowan had no authority to act in this case after the expiration of his term of office. It is too well settled to need the citation of authorities that the consent of parties cannot confer jurisdiction where none exists, and therefore the consent of the parties cannot avail the petition in this case, and that the order was null and void. The order must therefore be reversed, with costs.