### STRASSNER v. THOMPSON.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

1. DEFAULT JUDGMENTS—SETTING ASIDE—REQUISITES OF ORDER.
An order of a municipal court, vacating a judgment rendered by it, which fails to specify the grounds for the order, as required by Laws 1896, c. 748, in regard to district courts of New York City, the predecessors of the city municipal court, is fatally defective.

2. COSTS—APPEALS FROM ORDERS OF MUNICIPAL COURT.
Where the supreme court remits an order vacating a judgment to the justice of the municipal court for a rehearing, only $10 are recoverable for costs and disbursements, since the provision of the statute that an appeal from an order shall lie as from a judgment does not entitle the prevailing party to $30 costs, the same amount as allowed under Code Civ. Proc. § 3067, on a reversal of a judgment.

Appeal from municipal court of New York.

Action by George Strassner against Hannah Western Thompson. From an order of the municipal court of New York City opening a default judgment against plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

R. L. Pritchard, for appellant.

Abraham Goldfarb, for respondent.

PER CURIAM. Chapter 748 of the Laws of 1896, which gave a district court of the city of New York the power to open defaults taken before it,—a power now inherited by the municipal court of said city,—provides that any order vacating a judgment shall recite and contain the grounds for the order. No grounds are specified in the order appealed from. It is therefore fatally defective, and must be reversed. The matter should be remitted to the justice for a rehearing, and the entry of a proper order on his decision. Colwell v. Devlin, 20 Misc. Rep. 355, 45 N. Y. Supp. 850.

The most serious question is whether the full costs of the appeal should be imposed upon the respondent. It was held by the appellate term of the city and county of New York in Colwell v. Devlin, 20 Misc. Rep. 616, 46 N. Y. Supp. 450, Szerlip v. Baier, 21 Misc. Rep. 692, 47 N. Y. Supp. 1081, and Thornall v. Turner, 23 Misc. Rep. 363, 51 N. Y. Supp. 214, that the appellant is entitled, as a matter of right, under section 3067 of the Code of Civil Procedure, to $30 costs,—the same amount as allowed on the reversal of a judgment. This might be the rule when the order is reversed absolutely. But in the cases of Colwell v. Devlin and Thornall v. Turner the order was not reversed absolutely, but the application was remitted to the justice for a rehearing; and that is the disposition we have directed in this case. If costs are to be awarded on appeals from orders of this character, the same as on appeals from judgments, we do not see why the analogy should not be complete, and why, under subdivision 2 of section 3066, the costs of appeal, where the matter is remitted for a rehearing, are not in the discretion of the court. But, in our opinion, the provision of the statute that an appeal from an order shall lie as from a judgment does not prescribe the amount of costs to be awarded on such appeal. The amount of costs and the character of the appeal are different subject-matters. We think the ordinary rule should prevail here that obtains on similar appeals in the supreme court; that is, the amount allowed is to be confined to $10 costs and disbursements. The contrary construction appears to us wholly unreasonable. It seems extremely improbable that it could have been the intention of the legislature to allow upon appeals from a justice's court three times as much as is allowed upon an appeal of a like order made in the supreme court itself.

Order reversed, with $10 costs and disbursements to the appellant, and motion remitted to the justice for a rehearing, and for the entry of the proper order.