### SANDOWITZ v. DUANE.

(Supreme Court, Appellate Term. February 23, 1900.)

1. DEFAULT—MOTION TO SET ASIDE—APPEAL.

An order granting defendant leave to come in and defend, which contains the finding that plaintiff will not be injured, nor his rights or remedy prejudiced, by such opportunity being given to defendant, being in harmony with the requirements of the law pertaining to an order opening a default, will, on appeal, be construed as made for that purpose, and appealable, and not as an order to restore a cause to the calendar for trial, which would not be appealable.

2. SAME.

An order opening a default. upon a motion containing no affidavit of merits, nor any proof that defendant has a defense to the action, will be set aside on appeal.

3. COSTS ON APPEAL.

Only $10 costs will be allowed the successful party on appeal from an order opening a default.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Nathan Sandowitz against John Duane. From an order opening a default entered against defendant, plaintiff appeals. Reversed.

Argued before BEEKMAN, GIEGERICH, and O'GORMAN, JJ.

Max Brown, for appellant.
Abraham B. Schleimer, for respondent.

PER CURIAM. The contention on the part of counsel for the respondent is that this order is not one opening a default, but for the restoring of a cause to the calendar for trial, and therefore is not appealable to this court. We can hardly agree with this contention. An examination of the order itself shows that the motion was treated as one for the opening of defendant's default. In the last part of the order we find a recital of the grounds upon which it was made, evidently in harmony with the statutory provision which requires that an order opening a default shall contain such a statement. In his concluding words the justice says:

"I find that the plaintiff will not be injured, nor will his rights or remedy be prejudiced, by giving the defendant an opportunity to come in and defend this action upon the merits, and, in furtherance of justice, I made this order granting the defendant leave to come in and defend this action upon complying with the terms herein set forth."

The whole order is inconsistent with any other theory than that it is one resting upon the existence of a condition under which the defendant had lost his right to defend the action.

At the time when this motion was made an order had been made and entered by Mr. Justice Fallon vacating the original order that was made opening defendant's default. It may be, upon the facts appearing before us, that it was proper for the court in term to vacate that order, but that has not been done, so that, when the motion was made which resulted in the order appealed from, the defendant was still in default for want of a pleading. It is therefore difficult to construe the order otherwise than as one again opening such default. The order was therefore appealable to this court.

Counsel for the appellant raises certain objections to the order, which, although technical, we are still bound to consider. There was but one affidavit, that of the attorney for the respondent, upon which the order appealed from was made. No affidavit of merits, however, was submitted, nor is there any proof that the defendant has any defense to the action. His affidavit, at least, should have been produced showing the facts upon which he relies for a defense, in order that the court might be able to see that the claim made on his behalf of the existence of a meritorious defense had some reasonable foundation.

It is claimed on behalf of the attorney for the respondent that an affidavit of merits had been previously served in the course of the proceedings which have been taken in the action, but there is nothing in the affidavit upon which the order appealed from was made stating that to be the case. There was therefore a failure to comply with the

requirements of rule 23 of the general rules of practice. Although we are reluctant to reverse on mere questions of practice, yet orderly methods of procedure, in accordance with established rules, are of such importance that we feel constrained to correct any substantial departure from their requirements such as exists here. For the reasons which we have given, the order must be reversed, and the proceeding remitted to the court below, but with leave to the defendant to renew his motion, or to make such motion in the matter as he may be advised.

It has been the practice heretofore, on the reversal of such orders, to award costs at the rate of $30, the amount allowed by law on the reversal of a judgment. Colwell v. Devlin, 20 Misc. Rep. 616, 46 N. Y. Supp. 450; Szerlip v. Baier, 21 Misc. Rep. 692, 47 N. Y. Supp. 1081; Thornall v. Turner, 23 Misc. Rep. 363, 51 N. Y. Supp. 214. But since these cases were decided the appellate division in the Second department seems to have held that the costs to be allowed on such appeals should not exceed the sum of $10 and disbursements. Strassner v. Thompson, 40 App. Div. 28, 57 N. Y. Supp. 546. We therefore feel bound to follow that decision, and to award costs accordingly.

Order reversed, with $10 costs and disbursements, with leave to the defendant to renew his motion below, or to make such other motion in the matter as he may be advised.