STERN et al. v. KNAPP.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

1. NEW YORK MUNICIPAL COURT—NEW TRIAL—GROUNDS—FAILURE TO RECITE.
    Under Laws 1896, c. 748, providing that an order of the New York
    municipal court vacating a judgment rendered by a justice thereof with-
    out a jury must recite the grounds on which it is made, an order of a
    justice of such court setting aside a judgment made by him, and granting
    a new trial, without reciting the grounds therefor, is fatally defective.
2. SAME—REVERSAL—RETRIAL.
    New York City Consolidation Act (Laws 1882, c. 410), declares that pro-
    ceedings before a justice shall not abate or be discontinued by reason of
    the vacancy in office of any justice, but his successors in office shall hear
    and determine all matters and things pending before and undecided by
    him. Held that, where an order of a justice of the New York City munic-
    ipal court setting aside a judgment made by him was reversed after the
    retirement of such justice from office, the action would be remitted to his
    successor for retrial.

Appeal from municipal court, borough of Brooklyn, First district.
Action by Joseph Stern and others against Walter S. Knapp.
From an order of the New York municipal court granting a new .

trial, and from a judgment dismissing the complaint, plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

I. Henry Harris, for appellants.

D. Humphreys, for respondent.

WILLARD BARTLETT, J. The first judgment in this action was rendered after a trial before Justice Adolph H. Goetting, and awarded the plaintiffs $249 and costs. After its rendition the defendant procured an order to show cause why said judgment should not be corrected so as to conform to the finding of the court, and make the recovery an amount not exceeding $40. Upon the return of the order to show cause, the justice, instead of correcting the judgment, made an order in these words:

"Motion to set aside the judgment and for a new trial granted, without costs,—judgment and lien to stand as security,—and to be retried December 7, 1899.　　　　　　　　　　　　　　　　　　　　A. H. Goetting, J. M. C.

"Dated November 27th, 1899."

The case next came up before Justice Jacob Neu. The plaintiffs' attorney applied for a postponement on the ground that his clients had appealed from the foregoing order, and on the further ground that he expected to be immediately engaged in a case in the supreme court in which he was one of the attorneys, and which had been marked ready for trial on the previous day. The application was denied, the plaintiffs put in no evidence, and the complaint was dismissed, with costs, on the motion of the defendant.

An order of the municipal court vacating or modifying a judgment rendered by a justice without a jury must recite the grounds upon which it is made. Laws 1896, c. 748. The omission of the recital prescribed by the statute renders the order fatally defective. Strassner v. Thompson, 40 App. Div. 28, 57 N. Y. Supp. 546. The order of Justice Goetting must therefore, be reversed. The matter cannot be remitted to him for a rehearing, and the entry of a proper order upon his decision, inasmuch as he has gone out of office. It would seem, however, that his successor may proceed to make an order containing the appropriate recital under section 1390 of the New York City consolidation act (Laws 1882, c. 410). That section provides that no proceedings had before either of the courts held by either of the justices to which it refers shall abate or be discontinued by reason of the death, removal from office, or vacancy in office of any justice, "but the respective successors in office of the said justices shall proceed to hear, try, determine, and give judgment in and upon the same, and upon all matters and things pending before and undecided by their predecessor in office, with the same powers, jurisdiction, and authority as their predecessors had." This matter will therefore be remitted to the justice of the municipal court who has succeeded Justice Goetting, for a rehearing and the making of a proper order. This disposition of the first appeal necessarily involves a reversal of the judgment rendered by the direction of Justice Neu, inasmuch

as at the time when the case was before him no valid order had been made for a new trial.

Judgment and order reversed, with $10 costs and disbursements, and motion remitted for a rehearing to the justice who succeeded Justice Goetting. All concur.