GORDON v. TRAINOR.

(Supreme Court, Appellate Term.  February 28, 1905.)

1. JUDGES—EXPIRATION OF TERM OF OFFICE—POWER TO VACATE JUDGMENT.

A justice of the Municipal Court has no authority, after the expiration of his term of office, to vacate a judgment.

2. SAME—POWERS OF SUCCESSOR.

Under Municipal Court Act, § 254 (Laws 1902, p. 1563, c. 580), authorizing a motion to set aside a judgment and for a new trial, and providing that the judge who presided at the trial may make such an order, and section 16, declaring that no proceeding shall abate by vacancy in the office of any justice, but that the successor of such justice shall determine such matters as are not acted upon by their predecessors with the same jurisdiction as their predecessors had, a justice of the Municipal Court has power to determine a motion to set aside a judgment and for a new trial, made before his predecessor, and not determined by him before the expiration of his term of office.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Simon Gordon against James Trainor.  From an order vacating a judgment for plaintiff and granting a new trial, plaintiff appeals.  Affirmed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Isaac Hyman, for appellant.

David Steckler, for respondent.

SCOTT, J.  In this action to recover damages for personal injuries the plaintiff recovered a judgment before Justice Kremer in December, 1903.  Within the five days prescribed in section 254 of the Municipal Court Act (Laws 1902, p. 1563, c. 580), the defendant moved before Justice Kremer to set aside the judgment and for a new trial. The term of the justice expired on January 1, 1904, and up to that time he had not decided the motion, but undertook to do so, and to make an order vacating the judgment several days after he had ceased to hold the office of justice.  A motion was then made before Justice Sanders, who succeeded Justice Kremer, and the order undertaken to be made by the latter vacating the judgment and directing a new trial was vacated.  On January 19, 1904, an order to show cause was obtained by defendant, from the successor justice, why the motion for a new trial made before the former Justice Kremer should not be heard and determined by his successor.  This motion was denied by Justice Sanders; but later he issued another order to show cause why the motion for rehearing should not be renewed.  On this motion coming on to be heard, Justice Sanders granted the reargument, and, after hearing it, made an order granting the motion originally made before Justice Kremer vacating the judgment and setting the cause down for trial. From this order the plaintiff appeals.

The motion for a new trial was one which the act expressly authorized the defendant to make, and, as he did make it in due time, he was entitled to have it heard and decided.  It is quite clear that Justice Kremer was functus officio, so far as this motion was concerned, as soon as his term of office ended.  He no longer had any power or

authority to do any judicial act with reference to the action, except to settle a case or make a return, as specially authorized by section 318 of the Municipal Court act.   He certainly could neither render a judgment nor vacate one (Radding v. Kane, 14 Daly, 535, 2 N. Y. Supp. 55; In re Rodding, 14 Civ. Proc. R. 47), and his order made after the expiration of his term, purporting to vacate the judgment, was a nullity.

The position, therefore, on January 1, 1904, was that the defendant's motion for a new trial, which he had a statutory right to make and to have decided, was pending undetermined, and the only question presented on this appeal is whether or not the successor justice had the authority to take up and pass upon this undecided motion.   The right to make such a motion is conferred by section 254 of the Municipal Court act, which provides that "the judge who presided at the trial" may make such an order.   If the Municipal Court act contained no other provision applicable to the case, it would be evident that no one but the judge who presided at the trial could make such an order, and consequently that, if he omitted to make it during his term of office, the motion would necessarily fail.   Section 16 of the act is, however, very comprehensive, and must, as we think, be read in conjunction with section 254.   It provides that:

"No process, action, judgment, execution or proceeding shall abate or be discontinued by reason of the death, removal from office, or vacancy in the office of any justice, but the respective successor in office of the said justice shall proceed to hear, try, determine and give judgment in and upon the same, and upon all matters and things pending before, and undecided and not acted upon or endorsed by their predecessor in office, with the same power, jurisdiction and authority as their predecessors had."

The motion for a new trial, a motion as of right and not of favor, was "pending before" and undecided and not acted upon by Justice Kremer when he was removed from office by operation of law upon the expiration of his term, and we think it entirely clear that his successor had the right, and that it was his duty, to rehear and pass upon the pending motion, and this seems to have been the view taken by the Appellate Division in the Second Department.   Stern v. Knapp, 48 App. Div. 482, 62 N. Y. Supp. 982.

The order must be affirmed, with costs.   All concur.