Barrett, J.
In courts of record having equity jurisdiction, findings of fact and conclusions of law must be signed by the justice who tried the case.
The decree is thereupon entered on his fiat. In the *228 surrogate’s court the decree is signed by the surrogate, and entered in the minutes which he is directed to keep (2 R. S. 221, § 7, subd. 4; Laws 1837, ch. 460, § 21). In the act with respect to the surrogate’s court in New York.city, the minutes of the surrogate are expressly recognized (Laws 1870, ch. 359, § 11), and authority is given to make and enter all lawful orders and decrees (Laws 1870, ch. 359, § 1).
In the case of Munro’s estate (15 Abb. Pr. 366), the surrogate said that the practice with respect to signing decrees had “been long and surely settled. The original decree is the paper signed by the presiding officer of this court, written out in a sheet or sheets of paper. The record or minutes kept in pursuance of the provision of the revised statutes (3 R. S. [5th Ed.] p. 365, § 13, subd. 4), is the enrollment of the decree, which should conform to the original decree.”
The statute evidently contemplates the actual signature of the surrogate to all papers of any importance.
The record of probate “ shall .be signed and certified by him” (2 R. S. 57, § 10). Every will so proved shall have a certificate of such proof indorsed thereon, signed by the surrogate, and attested by his seal of office (2 R. S. 57, § 11). Letters testamentary, or of administration, or to a collector, shall be signed and sealed by him (2 R. S. 80, § 55). He shall indorse the discharge of any decree on the margin of the record thereof (Laws 1867, ch. 782, § 9). Other instances might be added. In the present eases, the decrees were not signed by Surrogate Hutobxngs, nor is there any evidence of their entry. The minutes were not produced, nor was any record of the proceedings. There was not even an exemplification under 2 R. S. 221, § 6. The plaintiffs simply rely upon an unsigned piece of paper, which without (so far as appears from the evidence) any authority from the surrogate, writ *229 ten or even verbal, was indorsed “filed” by a clerk. It is provided (2 R. S. 360, § 11) that no judgment shall be deemed valid so as to authorize any proceedings thereon, until the record thereof shall have been signed and filed. In Goelet v. Spofford, 55 N. Y. 647, it was held that this provision does not apply to judgment rolls made up under section 281 of the code.
On the other hand, the latter section is inapplicable to surrogates’ courts. But whether this section of the revised statutes is controlling or not, there can be no doubt that it is a strong legislative expression as to the invalidity of an unsigned judgment.
The act of the clerk was entirely unauthorized. There is no proof that such clerk was, in writing, designated by an order of the surrogate duly filed and recorded (Laws 1863, ch. 362, § 9). Even if such proof had been furnished, there is nothing in the act of 1863, much less in that of 1874 (ch. 456), authorizing him to file an unsigned decree, or otherwise validating it.
Nor was the matter helped by the signature of Surrogate Calvin. If the plaintiffs rely thereon as effecting an independent decree, the answer is that it was subsequent to the assignment of the bond and the commencement of this suit. If as completing the work of his predecessor, the answer is that there is no evidence that his predecessor ever had anything to do with it. But apart from that, chapter 9 of the Laws of 1874 plainly limits this power of completion to the unfinished records of wills, proofs and examinations, and of letters testamentary, administration and guardianship.
The complaints must be dismissed with costs.*
There was no appeal.

 After this decision, the matter was brought lip before Surrogate Calvin. See Matter of Estate of James Espie, 2 Redfield, 445.