## In re LAWRENCE'S ESTATE.

(Surrogate's Court, New York County. March 14, 1899.)

1. SURROGATE—POWER TO CONCLUDE CONTESTED PROBATE PROCEEDING.
    Under Code Civ. Proc. § 2481, subds. 8, 9, empowering a surrogate to complete any unfinished business pending before his predecessor in office, including proofs, accountings, and examinations, and to complete, certify, and sign all records or papers, the surrogate has power to conclude a contested probate proceeding heard, but not decided, by his predecessor.

2. SAME—HEARING BEFORE SUCCESSOR.
    A proceeding left unfinished by a surrogate may be brought on for hearing before his successor in office by notice of motion, or by order to show

cause, where any of the parties are incompetent or unwilling to stipulate therefor.

In the matter of the estate of De Witt C. Lawrence, deceased. Proceedings to probate a will.

Butler, Notman, Joline & Mynderse, for petitioner.
Turner, McClure & Rolston, for executor.
Henry W. Taft, for contestant.

VARNUM, S. My immediate predecessor as surrogate retired from office, leaving a number of matters undisposed of which were pending before him, or which had been formally submitted to him for decision, and the question now arises as to their disposition. Mr. Surrogate FITZGERALD and myself have given the subject careful consideration, and our views are embodied in the opinion herein. This matter, which is a contested probate proceeding, was heard by my predecessor, and submitted to him for decision. No decision was made, and a stipulation is now presented by the parties in interest for continuing and completing the proceeding. Before I undertake to act under such stipulation, an inquiry into my power to act in the premises seems necessary, and this I deem the more essential as one of the parties joining in the stipulation is the special guardian of an infant, and it is decidedly questionable whether his concession of my jurisdiction to proceed in this matter is one which he can effectively make. The authority of the surrogate to continue and carry on to their termination the unfinished matters pending before his predecessor was originally derived from section 11, tit. 1, c. 2, pt. 3, p. 367, 3 Rev. St. (5th Ed.). That section provided:

"Upon the office of any surrogate becoming vacant, his successor shall have power and authority to complete any business that may have been begun or that was pending before such surrogate."

Subsequently, by section 2, c. 74, Laws 1870, and by chapter 9, Laws 1874, amending such section, the legislature declared that, for greater certainty, and to avoid all doubt, it should be lawful for any surrogate to sign, certify, and complete all unfinished records of wills and of proofs and examinations taken by or before his predecessor, and all records of letters testamentary, and of administration and guardianship, adding thereto the date of his signature, which was to be as effective as if made by his predecessor. The effect of these different provisions has been the subject of judicial consideration, and the cases embodying the result I shall now proceed to refer to.

The first relating to this subject is McNaughton v. Chave, 5 Abb. N. C. 225. There an action was brought to recover from sureties the amount directed to be paid by their principal by a decree purporting to have been entered upon his accounting. The decree was signed by the surrogate, who was not the immediate successor of the surrogate before whom the accounting was had, and who, properly, should have made and signed the decree. The court, upon the trial of the action, declared the decree void. The judge who presided at

the trial, after specifying among the grounds of objection to the decree that there was no evidence that the predecessor of the surrogate who signed the same ever had anything to do with it, added, "But, apart from that, chapter 9 of the Laws of 1874 plainly limits this power of completion to the unfinished records of wills, proofs, and examinations, and of letters testamentary and administration and guardianship." In consequence of this decision an application was made to the surrogate who signed the decree to vacate it. He declined to do so, as he considered that result had been effectually accomplished by the judgment in the action. He proceeded to consider the effect of section 11 of the Revised Statutes, and of the provisions of the acts of 1870 and 1874, and concluded that the latter were not a limitation upon the authority conferred upon the surrogate by section 11, and declared that that section was intended to give to the surrogate power to complete any business that may have been begun or that was pending before his predecessor. In re Espie, 2 Redf. Sur. 445. He reiterated the same views in Reeve v. Crosby, 3 Redf. Sur. 74, and said he had no doubt of his authority, under section 11 of the Revised Statutes, to continue the proceedings in the matter (which was a contested probate proceeding) from the point where they had been left by his predecessor, and added that he was inclined to the opinion that the section was broad enough to meet every possible exigency liable to arise in respect to the proceedings of this court. The decision in Re Martinhoff, 4 Redf. Sur. 286, is to the same effect; Surrogate Livingston, who rendered the decision, stating that "the object of the statute [section 11] is to prevent the necessity of beginning over again any business which may be pending unfinished in the surrogate's court at the time a change of surrogates occurs." After the foregoing decisions, section 11 of the Revised Statutes, and section 2 of the act of 1870, and the amendment to the latter by the act of 1874, were repealed,—section 11 by chapter 417 of the Laws of 1877, and section 2 and the amendment thereto by chapter 245 of the Laws of 1880,—and subdivisions 8 and 9 of section 2481 of the Code of Civil Procedure substituted in their stead. By that section and its said subdivisions the surrogate was empowered "to complete any unfinished business pending before his predecessor in the office, including proofs, accountings and examinations, * * * to complete and certify and sign, in his own name, adding to his signature the date of so doing, all records or papers left uncompleted or unsigned by any of his predecessors." Whatever doubt may have been deemed to have been raised by the case of McNaughton v. Chave as to the power of the surrogate under the Revised Statutes to take up and complete all the business left unfinished by his predecessor has, in my opinion, been entirely removed by the provisions of the Code above cited.

In Re Winslow's Estate, 12 Misc. Rep. 254, 34 N. Y. Supp. 637, which, with the cases hereinafter referred to, was decided since the adoption of the provisions of the Code, it was held that the successor of a surrogate who had rendered an opinion, but had made no findings in an accounting proceeding which had been tried by his

predecessor, and submitted to him by stipulation for decision, had authority to hear and dispose of the matter as unfinished business of his predecessor. The surrogate, in the course of his opinion, stated that where a vacancy occurred in the office of the surrogate, "either by death of the incumbent or upon expiration of his term of office, his successor has power to take up the matter where left by his predecessor, continue the proceedings, and in a proper case carry the same to. its final determination." To the same effect is In re Carey's Will, 24 App. Div. 531, 49 N. Y. Supp. 32, where the surrogate continued to its final determination a contested probate proceeding which had been tried by his predecessor, and to whom it had been submitted for decision, but who had failed to decide the same. In Re McCue's Will, 17 Wkly. Dig. 501, referred to in the last case, the surrogate undertook to make a decision containing findings of fact and conclusions of law from the opinion which had been filed by his predecessor, and the general term of the supreme court, in reviewing his action, thought it of doubtful legality. So, also, the appellate division seems to have regarded it. But in neither case is there anything countenancing the notion that the surrogate could not have ignored the opinion, and decided the. case upon the proceedings had before his predecessor. That he could have so done is implied by the language of the judge who delivered the opinion of the appellate division. In the matter of Henry A. Sherwood, the decision in which was filed in this court February 25, 1894, the surrogate refused to sign an order upon the opinion of his predecessor filed December 22, 1893, in a proceeding seemingly brought under section 2722 of the Code of Civil Procedure. In Re Georgi's Estate exceptions to the report of a referee in a proceeding pending in this court for the judicial settlement of the accounts of the administrator were heard by the surrogate, who filed an opinion or memorandum stating that the report was confirmed, but no decision was made containing findings of fact or conclusions of law, as required by section 2545 of the Code of Civil Procedure. An application to his successor to enter a decree upon the opinion was denied, he holding that there was no decision upon which the decree could be entered, and that a new motion for the hearing of the exceptions and the confirmation of the report should be made. The refusal to enter a decree in these last two cases seems to have been entirely proper under the circumstances, and was, doubtless, in no small measure induced by the attitude of the general term and the appellate division in respect to the action of the surrogate in Re McCue's Will.

The foregoing seem to be all the authorities affecting the subject under consideration, and a review of them can lead to no other conclusion than that, under the existing statutes, I have ample power to complete all the business left unfinished by my predecessor, and continue it from the point where he left it to its final determination. The method of procedure which should be taken for the purpose of bringing before me for disposition this business and the matters to which it pertains is indicated as follows: In proceedings, contested or uncontested, where any of the parties is an infant, as in

the present case, or a person of unsound mind, or an adult competent, but unwilling, to join in a stipulation for the assumption and continuance of the matter by the surrogate, it can be brought on before me for a hearing by a notice of motion or order to show cause, based upon appropriate papers in accordance with the practice suggested in the Espie Case and followed in Re Winslow's Estate, and in Re Carey's Will. Where the situation is the same as in Re Georgi's Estate, I see no objection to adopting the course which it was there said should be pursued, and this irrespective of whether any of the parties to the proceeding is an infant or incompetent. A stipulation by the parties, where they are competent to make one, will in all cases obviate the necessity of a resort to the procedure above prescribed, and be deemed sufficient warrant to the surrogate for proceeding in the matter in such manner as the nature and condition of the case may require.