---

(27 Misc. Rep. 167.)

### In re JOHNSON'S WILL.

(Surrogate's Court, New York County. April, 1899.)

JUDGES—SURROGATE'S RETIREMENT—UNFINISHED BUSINESS.

Under Code Civ. Proc. § 2481, subd. 8, empowering a surrogate to complete any unfinished business pending before his predecessor in office, including proofs, accountings, and examinations, where a surrogate retires from office after the evidence is closed in a will case, and before he renders his decision, his successor may take up the proceedings, and complete the trial, and the witnesses need not be recalled and re-examined, though Const. art. 6, § 3, contemplates that a judge on a trial should see the witnesses, and hear them testify.

Proceeding for the probate of the will of Mary Johnson, deceased. Objection to the reception of evidence previously taken before a former surrogate. Overruled.

Alexander & Green (Frederick Coudert and Paul Fuller, of counsel), for proponent.

Thomas E. Fitzgerald and William H. Regan (David McClure, of counsel), for contestants.

VARNUM, S. This case was tried before and submitted to Surrogate Arnold, but no decision thereon rendered by him before his retirement from office. Subsequently, in accordance with the procedure suggested by this court in Re Lawrence, 58 N. Y. Supp. 597, due notice was given to all parties, bringing said matter before me as the successor of Judge Arnold, on a motion that I complete the trial herein as unfinished business pending before my predecessor in office. The object of such notice was merely to bring the matter before me in an orderly way for the continuance and completion of the proceedings, and to afford the parties an opportunity to submit additional testimony or to be heard, in accordance with the decisions cited in the opinion in the Lawrence Case. Upon the return day no suggestion of a desire to submit additional testimony was made, but the counsel for the contest-

ants objected to the reception by me of the evidence previously taken before Surrogate Arnold, or to any decision by me based thereon, and insisted that the case should be tried de novo, and asked to be heard upon such objection, which request was granted. The question has since been fully argued before me by learned counsel on both sides. I have already indicated in the opinion in the Lawrence Case my own views upon the question, and I see no reason to change them, despite the able and ingenious argument of the learned counsel for the contestants. The precise objection taken by him has been not only directly passed upon by this court (Reeve v. Crosby, 3 Redf. Sur. 74; In re Martinhoff, 4 Redf. Sur. 286 et seq.), but also by the appellate division of the supreme court, Fourth department, as late as 1897, in Re Carey, 24 App. Div. 531, 49 N. Y. Supp. 32. The cases referred to would naturally be controlling upon me, even if my own opinion were not, as it is, in thorough accord with them. The principal contention of the contestants is that a judge who passes upon controverted questions of fact should have the advantage of seeing the witnesses, and hearing them give their testimony; and attention is called to section 3, art. 6, of the constitution of the state. But, as said in the Carey Case, there is nothing to prevent the legislature from dispensing with such requirements under certain contingencies, which the cases above cited hold has been done. Attention is also called to the fact that in the court of chancery witnesses were usually examined by examiners appointed by the court for that purpose, and rarely before a vice chancellor, and that a majority of the causes were heard and determined solely upon the depositions returned. In the surrogate's court also, under the provisions of section 2540 of the Code, the examination of aged and infirm witnesses residing in another county may take place before the surrogate of that county or a referee, which may be considered and acted upon by the surrogate with the same force and effect as if the witnesses had actually appeared before him. This court can also take judicial cognizance of the fact that substantially the same mode of procedure now prevails in the federal courts as in the old court of chancery. But, even admitting that, other things being equal, it is preferable that the judge deciding the case should both see and hear the witnesses, there are certain contingencies when the greatest hardship and injustice, and, in some cases, an actual failure of justice, might result from a rigid adherence to such a practice. It is not fair that the death or removal or withdrawal of a single judicial officer should entail upon the litigants burdensome work, endless delay, and heavy expense without any fault of their own. It is but reasonable to suppose that the legislature had the possibility of just such contingencies in view when it amended the law, and provided that a surrogate, among his other prerogatives, should have power "to complete any unfinished business pending before his predecessor in the office, including proofs, accountings and examinations." Code Civ. Proc. § 2481, subd. 8. In the case under consideration it appears

from the record that the trial before Surrogate Arnold began October 18, 1897, and ended May 25, 1898, that about 25 witnesses were examined, and more than 1,175 typewritten pages of testimony taken. The contestants' counsel requests that my decision herein should be in the form of an order denying or granting a motion, obviously for the purpose of appeal therefrom, if possible. I am of opinion that my decision should stand simply upon the basis of a ruling upon an objection raised upon the trial of an action, and that the objector is merely entitled to an exception thereto. The notice of motion above referred to was given solely for the purpose of continuing the proceedings, and to afford the parties opportunity, as before stated, to be heard further, or put in further testimony; and they have been so heard. I therefore hold that I have full power to proceed with the determination of this case, and the contestant is allowed an exception to my ruling herein.

Decreed accordingly.