the surrogates possess over compulsory accountings of executors of executors is now to be found in section 2606 of the Code of Civil Procedure, enacted in the year 1880 and since amended. It can hardly be contended that that section, even as amended, affords a jurisdiction to construe a will further than is absolutely essential to an accounting already pending under that section. Where it appears that petitioners have no standing to demand an accounting, or that the executor of the executor has no property of the former executor for which either was accountable to the party seeking the accounting, the jurisdiction of this court for any purpose of construction of the will is clearly at an end. It is for this reason that it is deemed improper for the surrogate to express an opinion on many of the very interesting points made in the very able briefs of counsel.

[2] In order to obtain an accounting under section 2606 of the Code of Civil Procedure, the petitioners must show that they have a right or title to the accounting sought, and that the respondent is obliged by law to such an account. It seems to the surrogate clear that the petitioners, as administrators of Anna E. Comer with the will annexed, have no standing to demand the account sought, and that John H. Comer at his death held the property, formerly of his wife, at least as tenant for the life of John H. Comer, and not as the executor of Anna E. Comer, and that the petitioners have failed to bring themselves within section 2606 of the Code of Civil Procedure.

The prayer of the petitioners is therefore refused. Submit order in conformity with this opinion.

Decreed accordingly.

---

(72 Misc. Rep. 331.)

## In re NESTELL.

(Surrogate's Court, New York County.   May, 1911.)

1. EXECUTORS AND ADMINISTRATORS (§ 507*)—ACCOUNTING—REPORT—EXCEPTION—HEARING.

Code Civ. Proc. § 2546, providing that a surrogate may, in his discretion appoint a referee to examine the account, and hear and determine all questions arising in a proceeding for the judicial settlement of an account of an executor and trustee, and the surrogate may confirm or modify the report of the referee as circumstances require, the surrogate's jurisdiction in reviewing exceptions to the report of a referee is in the nature of that possessed by a court of review or appeal, and the surrogate is not called on to make any additional or independent findings on his sentence or disposition, whatever it may be, of the questions or issues referred and embraced in the report of the referee.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 507.*]

2. EXECUTORS AND ADMINISTRATORS (§ 507*)—ACCOUNTING—REPORT—EXCEPTIONS—SETTLEMENT OF CASE BY REFEREE.

It is the duty of a referee appointed to determine questions arising in a proceeding for the judicial settlement of the account of an executor and trustee, as authorized by Code Civ. Proc. § 2546, to settle the case and exceptions on an appeal from the decree of the surrogate, and he cannot go beyond what actually took place and add new findings or pass on

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

131 N.Y.S.—13

proposed additional findings after the decision or decree of the surrogate.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 507.*]

3. EXECUTORS AND ADMINISTRATORS (§ 507*)—ACCOUNTING—REFERENCE—APPEAL.

Code Civ. Proc. § 2546, authorizing the appointment of a referee to determine all questions arising in a proceeding for the judicial settlement of an account of an executor and trustee, and conferring on the referee the same power as a referee appointed by the Supreme Court for the trial of an issue of facts in an action, section 907, relating to settlement of case and exceptions, section 1022, referring to findings of facts and conclusions of law on the trial, and section 1023, relating to the passing on the findings of fact and rulings on questions of law, do not authorize the referee on the settlement of a case to pass on request to find on a question of fact or law.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 507.*]

4. EXECUTORS AND ADMINISTRATORS (§ 507*)—ACCOUNTING—REFERENCE—APPEAL.

A referee to determine the questions of fact on the judicial settlement of an account of an executor and trustee on being appointed a justice of the Supreme Court is disqualified from settling the case for review on appeal.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 507.*]

5. EXECUTORS AND ADMINISTRATORS (§ 507*)—ACCOUNTING—REFERENCE—APPEAL.

Where a decree of a surrogate on the report of a referee appointed under Code Civ. Proc. § 2546, to determine questions of fact in a contested accounting by an executor and trustee is appealed from, and the referee before whom the case was noticed for settlement is disqualified, it is the duty of the surrogate to entertain a motion to settle the case and to strike out the proposed amendments thereto; and, in the event of his death before making a decision, his successor in office has power to dispose of the motions.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 507.*]

Judicial settlement of the account of John J. Nestell, as executor and trustee, etc., of Joseph B. Hart. Motion to settle case and to strike out proposed amendment granted.

Bowers & Sands, for contestants.
Flannagan & Erskine, for John J. Nestell.
Charles P. Northrop, for executor.

FOWLER, S. The motions now before the court have required a consideration more prolonged than usual, as they relate to proceedings taken before the late surrogate for this county.

The issues of fact in this proceeding, brought originally for the judicial settlement of the account of John J. Nestell, as executor of Joseph B. Hart, deceased, were heard before Hon. Edward B. Whitney, the referee appointed for that purpose by the late Surrogate Thomas. The report of the referee was subsequently modified by Surrogate Thomas himself, and a decree was then made by that surrogate

and thereafter duly entered. From such decree an appeal was prosecuted and a "case" to that end was submitted for settlement to the referee, who had by that time become a justice of the Supreme Court of the state of New York. The appellant accordingly moved before Surrogate Thomas, claiming, in substance, that the former referee, by reason of the fact that he had then become justice of the Supreme Court, was disqualified to act further and could not settle the case on appeal, and that such "case" should be settled by Surrogate Thomas himself, or in such manner as he should direct. Before that motion was decided, the appellant again moved, asking the surrogate to set aside certain amendments to the "case" proposed by the respondents on the appeal. Both of these amendments were pending before Surrogate Thomas when his death intervened. Such being the situation, two motions are now made before the present surrogate: The respondents move that the settlement of the case on appeal, and the motion of the appellant to strike out certain proposed amendments to the case on appeal remaining undisposed of at the death of Surrogate Thomas, shall be continued before me as the present incumbent of the office of a surrogate for this county, and that the case on appeal shall also be settled by me as proposed by respondents. The appellants, on the other hand, move to vacate the decree mentioned, the order of reference and all the proceedings had thereunder, and for the new appointment of a referee and another trial of the issues of fact, to be had before such referee, so appointed.

Such is the substance of the motions now to be determined by me, after, however, the advantage of hearing the arguments of counsel for all the parties.

On the motions before me it is contended for the appellant in substance that, as the referee and Surrogate Thomas are both dead, certain additional findings of fact and conclusions of law, to which appellant conceives himself to be of right entitled, cannot be passed upon, and that appellant's case on appeal cannot, therefore, be settled at all. It is urged that no power to make such findings longer resides anywhere.

It is also contended in behalf of the appellant that Surrogate Thomas erred in modifying the report of the referee in respect of a matter of interest chargeable to the accountant. This last contention goes to the merits and will come properly before the appellate court, and cannot be the subject of consideration by me. It is apparent that, if the appellant's contentions other than the last are well founded, the conditions of the procedural law in this state leave much to be desired. The present surrogate would regard it as most unfortunate if, after a trial before a painstaking and highly accomplished referee, and his report passed on by the decree of the learned surrogate at whose instance such reference was made, the costly proceedings already had must go for naught to the parties concerned. As an abstract question, it does not seem possible that such can be the state of the law on this head. The sections of the Code of Civil Procedure bearing on the subject under consideration will now be briefly reviewed. Section 2545, it may be remarked in passing, has no relation to findings made or to be

made on a reference, but governs a case where the trial of an issue of fact is before the surrogate himself.

[1] Under section 2546 of the Code of Civil Procedure, a surrogate may, in his discretion, appoint a referee to examine the account and hear and determine all questions arising in a proceeding for the judicial settlement of an account of an executor and trustee, and the surrogate may confirm or modify the report of such referee as circumstances require. In reviewing the exceptions to a report of a referee appointed under section 2546, Code of Civil Procedure, to hear and determine the matters so referred, the surrogate's jurisdiction is in the nature of that possessed by a court of review or appeal; and the surrogate himself is not called upon to make any additional or independent findings, upon his sentence, or disposition, whatever it may be, of the questions or issues so referred and embraced in the report of such a referee. Matter of Yetter, 44 App. Div. 404, 61 N. Y. Supp. 175, affirmed 162 N. Y. 615, 57 N. E. 1129; Matter of McAleenan, 53 App. Div. 193, 65 N. Y. Supp. 907; Matter of Bettman, 65 App. Div. 229, 72 N. Y. Supp. 728; Matter of Niles, 47 Hun, 348; Matter of Mellen, 56 Hun, 553, 9 N. Y. Supp. 929.

[2] It was the duty of the referee to settle the case and exceptions, and he had no power to go beyond what actually took place before himself and superadd new findings or pass upon proposed additional findings after the decision or decree of the surrogate.

Section 2546, Code of Civil Procedure, which prescribes among other things the powers and duties of a referee in a proceeding referred under that section, superseded the former laws, providing for the appointment of auditors and referees by the surrogate. 2 R. S. 94, § 64, being part 2, c. 6, tit. 3, art. 3, § 64, R. S., amended by Laws 1870, c. 359, § 6. Section 2546, Code Civ. Proc. now confers upon the referee appointed under that section the same power as a referee appointed by the Supreme Court for the trial of an issue of fact in an action, and it makes the provisions of the Code of Civil Procedure applicable to a reference by the Supreme Court apply to a reference under section 2546, Code Civ. Proc., in so far as they can be applied in substance without regard to the form of the proceeding. The sections thus made applicable would appear to be in the main sections 997, 1022, and 1023 of the Code of Civil Procedure.

[3] Let us consider for a moment the effect of these sections upon the questions involved in the motions now before the surrogate. Section 997 (relating to settlement of case and exceptions), section 1022 (referring to findings of fact and conclusions of law upon the trial), and section 1023 (relative to the passing upon the findings of fact and rulings on questions of law) afford no justification for a contention that a referee appointed either in this court or in the Supreme Court has the power, upon the settlement of a "case," to pass upon requests to find upon a question of fact or law. Wainman v. Hampton, 110 N. Y. 429, 18 N. E. 234; Palmer v. Phenix Ins. Co., 22 Hun, 224. Such a power upon the settlement of a case is exclusively referable to a trial by the surrogate under section 2545, Code Civ. Proc. Matter of Niles, 47 Hun, 348. The incongruity, not to say the absurdity,

of requiring a referee appointed by a surrogate to pass upon requests to find facts or rule upon questions of law after the surrogate has reviewed the referee's report and exceptions thereto, seems apparent. Such a practice would lead to endless embarrassment and confusion, and be productive of inequitable results. It certainly finds no countenance in the statute, or any other scheme of orderly procedure.

[4] In the present cause the referee before whom the "case" was noticed for settlement was disqualified from acting by reason of his having been appointed a justice of the Supreme Court of this state.· Countryman v. Norton, 21 Hun, 17; Heerdegen v. Loreck, 17 App. Div. 515, 45 N. Y. Supp. 585.

[5] It consequently became the duty of Surrogate Thomas to entertain the motion by the appellant to settle the "case," and also the other motion to strike out the amendments proposed to it, and thus dispose of the entire matter, as completely and effectively as the referee could have done had he not been disqualified. Code Civ. Proc. § 997, made applicable to Surrogates' Courts by Code Civ. Proc. § 2546.

Surrogate Thomas having died before a decision upon such motions, I entertain no doubt of the power of his successor to dispose of them. Matter of Lawrence, 58 N. Y. Supp. 597; Matter of Johnson, 27 Misc. Rep. 167, 58 N. Y. Supp. 601. The respondents' motion for such disposition is therefore properly made, and the questions involved therein, as well as those raised for the first time by the motion of the appellant for the vacatur of all the proceedings subsequent to the filing of the objections to the account, and for a new trial, are properly before me for decision.

From what has been said before, it is plain to me that none of the grounds relied upon by the appellant is sufficient to warrant the granting of his motion. It is therefore denied.

The motion of the respondents is granted, and the amendments proposed by them are allowed, and the proposed "case," as so amended, is settled as the "case" to be heard upon the appeal. Notice orders for settlement.

Decreed accordingly.