distribution is an essential condition to the acquisition of an interest in the subject of the gift. Dickerson v. Sheehy, 156 App. Div. 101–104, 141 N. Y. Supp. 35, affirmed 209 N. Y. 592, 103 N. E. 717, citing Matter of Baer, 147 N. Y. 348, 41 N. E. 702. The court in the same case (156 App. Div. at page 104, 141 N. Y. Supp. at page 37) states as follows:

"I am aware of the existence of a rule which favors the vesting of estates, but that rule is never applied when the intention of the testator, as gathered from the whole will, is that the estate should not vest; in other words, all of the rules laid down for the construction of wills yield to the actual intent of the testator if that can be ascertained from the will itself."

[3] The general rule of construction applicable in a case of this character is that where there is no gift, but a direction to executors or trustees to pay or divide and to pay at a future time, the vesting in the beneficiary will not take place until the time arrives. Matter of Keogh, 47 Misc. Rep. 37–43, 95 N. Y. Supp. 191, affirmed 112 App. Div. 414, 98 N. Y. Supp. 433, affirmed by Court of Appeals without opinion 186 N. Y. 544, 79 N. E. 1109.

Clearly the remainder here is contingent, and not vested, and the only persons who are entitled to share in the distribution of the fund are the children of the testator who survived the life tenant, Mary Vander Roest.

Decreed accordingly.

---

(94 Misc. Rep. 550)

### In re DUNHAM'S ESTATE.

#### (Surrogate's Court, New York County. March 15, 1916.)

EXECUTORS AND ADMINISTRATORS ☞510(4)—SETTLEMENTS OF ESTATES—ALLOWANCE—EXCEPTIONS.

The determination of the surrogate in making an allowance to a special guardian in an accounting of an estate presents solely a question of law, and under Code Civ. Proc. § 994, declaring that, where an issue of fact is tried by a referee or court without a jury, exceptions to a ruling on a question of law, made after the cause is finally submitted, must be taken by filing a notice of exceptions in the clerk's office, one objecting to such allowance on the ground it must, under section 1022, be made by the referee, is entitled to interpose his exceptions thereto, not being restricted to his remedies under old section 2545.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2244; Dec. Dig. ☞510(4).]

Accounting in the matter of the estate of George H. Dunham. On exceptions to the surrogate's award. Application for reargument granted.

Ward B. Chamberlin, of New York City (Lanman Crosby, of New York City, of counsel), for petitioner.
Daniel J. Mooney, of New York City, special guardian.

FOWLER, S. This was an accounting proceeding, and objections having been filed, the matter was referred to a referee to hear and determine. Exceptions were filed to his report and brought on in the

Surrogate's Court for hearing, and on the surrogate's decision a decree was entered and an award for compensation made therein to the special guardian by the surrogate on the application therefor made before him preliminarily to the making of the decree. No question arose before the referee as to any costs or allowances to the special guardian or any party, nor was any reference thereto made by him. An application to file exceptions to such award by the surrogate was made for the purpose of bringing up for review before the appellate court the question of law as to the power of the surrogate to make such an award; it being claimed that under the provisions of section 1022, C. C. P., the referee must award or deny costs.

This application was denied upon the ground that upon the settlement of the case requests might be made for such finding or ruling, and exceptions taken under old section 2545, C. C. P. When allusion was made in my previous decision to old section 2545, C. C. P., as affording a remedy to the appellant, and to put him in a position to raise the question of jurisdiction of the surrogate to make the allowance in question and his getting the benefit of any exception he might wish to take, section 994, C. C. P., and my own decision in Matter of Nestell, 72 Misc. Rep. 331, 131 N. Y. Supp. 193, were overlooked, and old section 2545 referred to by mistake. The determination of the surrogate making the allowance presents solely a question of law, and under section 994, C. C. P., the appellant is entitled to interpose his exception thereto.

The application for reargument is granted, and an order may be submitted in accordance with the above (section 1303, C. C. P.).