In the Matter of the Estate of CORNELIA C. GOLDTHWAITE,
Deceased.

Surrogate's Court, Oneida County, June 23, 1925.

**Surrogate's Court — power of surrogate — contested accounting proceeding tried before surrogate who died before making decision — proceeding may, under Surrogate's Court Act, § 20, subd. 8, be continued before successor — new trial not necessary.**

A contested probate proceeding which was tried before a surrogate who died prior to making his decision may, under subdivision 8 of section 20 of the Surrogate's Court Act, be continued and concluded under his successor in office, and it is not necessary that the proceeding be tried over again before the successor.

MOTION to continue and complete trial of issues raised on accounting, which trial was commenced before former surrogate, now deceased.

*Miller & Hubbell,* for the executors.

*Charles R. Bradbury,* for Jessie Henssler.

EVANS, S.:

The account in this estate was filed by the executors on March 27, 1922. Objections to the account were filed by one of the residuary legatees, Jessie Henssler. Several hearings were had before the surrogate, Hon. E. Willard Jones, now deceased. Three hundred and thirty-seven pages of testimony were taken.

The executors have made a motion in this court for an order directing that the trial of the issues raised on this accounting be continued and completed upon the evidence and record already taken in the trial and upon any additional evidence that may be offered by either party.

It is the desire of the interested parties to complete the trial, but the method of procedure is a subject of disagreement. Counsel for the contestant insists that the testimony already taken at the several hearings before the late Surrogate JONES be treated as a nullity; that the death of the surrogate prevented the completion of the trial and that it must now be regarded as a mistrial; that under this state of facts a new trial must be had before the present surrogate. Section 20, subdivision 8, of the Surrogate's Court Act reads as follows: " A surrogate, in or out of court, as the case requires, has power: * * * 8. Subject to the provisions of law relating to the disqualification of a judge in certain cases, to complete any unfinished business pending before his predecessor in the office, including proofs, accountings and examinations."

This provision has been in force since 1880, and the courts have construed it to apply to contested matters, where testimony is taken, as well as to uncontested matters where no testimony is taken. (*Matter of Winslow,* 12 Misc. 254; *Matter of Carey,* 24 App. Div. 531; *Matter of Lawrence,* 58 N. Y. Supp. 597; *Matter of Johnson,* 27 Misc. 167.)

It is doubtless desirable that the judge who is to decide a controverted question of fact should see and hear the witnesses, but it is equally true that the strict application of such a form of procedure would in many instances create great expense and loss to innocent people.

Counsel for the contestant argues that the same rule should apply to this trial as to a trial in the Supreme Court with a jury where the judge or a juror might become ill and unable to proceed,

and in that event a mistrial would result.   An emergency of this kind rarely happens and the inconvenience and added expense would affect the litigants in but one action.   This is not true in its application to the business in Surrogate's Court.   Here numerous contested matters are continually pending.   When a change occurs in the incumbent of the office of surrogate through death or by expiration of the term, there will usually be many uncompleted matters.   Under such circumstances it would cause great confusion and useless expense if all such proceedings required a retrial.   It was evidently the purpose and intent of the Legislature to avoid this hardship to persons interested in estates.

The practice seems to be well settled and I hold and decide that the trial of the objections to the account as filed by the executors of this estate be continued and completed upon the evidence and record already taken in this trial and that any additional evidence may be offered by either of the parties.

Decreed accordingly.