HERVEY C. SMITH, Plaintiff, *v.* JOSEPHINE M. SMITH, Defendant.

Supreme Court, Fulton County, December 23, 1927.

Husband and wife — divorce — plaintiff entitled to interlocutory judgment of divorce though court submitted question as to adultery of defendant orally to jury and they returned orally an affirmative answer — defendant waived right to insist that provisions of Civil Practice Act, § 459, requiring special verdict in writing should have been followed — ·death of trial justice before granting interlocutory judgment did not discontinue action.

In this action for absolute divorce, in which the only issue raised was that of adultery, the trial justice submitted the question in relation to the adultery of

the defendant orally to the jury, and they returned orally an affirmative answer, whereupon the clerk made the appropriate entry in the court minutes. Though section 459 of the Civil Practice Act provides that " the special verdict or special finding must be in writing," defendant must be deemed to have waived her right to insist that the statute should have been followed, where she was in court with her counsel when the question was submitted and when the jury returned its finding and made made no objection.

The death of the trial justice before granting an interlocutory judgment did not discontinue the action, and the application for an interlocutory judgment is properly before the court at Special Term and should be granted.

Motion for an interlocutory judgment of divorce.

*William E. Walsh,* for the plaintiff.

*Jordan & Jordan,* for the defendant.

Goldsmith, J. This is an action for absolute divorce. The alleged adultery of the defendant was the only issue raised by the answer. This question was presented to the jury upon a framed issue and a finding in the affirmative was returned. The presiding justice died before granting an interlocutory judgment and application upon notice has been made at Special Term for the relief demanded in the complaint. The action was not discontinued by the death of the presiding justice; it only became necessary to make the application for judgment elsewhere. (Civ. Prac. Act, § 79.) The motion for interlocutory judgment is properly before the court at Special Term. (*Olmsted* v. *Olmsted,* 210 App. Div. 393.)

The trial justice submitted the interrogatory in relation to the alleged adultery of the defendant orally to the jury and they returned orally an affirmative answer. The clerk, in accordance with rule 165 of the Rules of Civil Practice, made the appropriate entry in the court minutes. The defendant protests that a judgment cannot be granted upon this finding for the reason that it is either a special verdict or a special finding and the question and answer should have been in writing and filed with the clerk pursuant to Civil Practice Act (§ 459), which provides that " the special verdict or special finding must be in writing; it must be filed with the clerk and entered in the minutes."

Carmody (N. Y. Practice, 448) refers to the finding upon the issue of adultery as a special verdict. In *Anderson* v. *Anderson* (103 Misc. 427, 431) the court took a contrary view, declaring it to be in the nature of a finding upon framed issues. The finding of the jury, however, upon the issue of adultery is not merely advisory but is binding upon the court (*Lowenthal* v. *Lowenthal,* 157 N. Y. 236) and is a special finding falling within such designation in section 459. The statute being mandatory, it follows that the question and answer should have been in writing and filed with

the clerk.    The failure to comply with the statute would be fatal if there were not circumstances present in this case which prevent the defendant from raising this objection.    The defendant was in court represented by counsel and no objection was taken when the question was submitted orally by the court to the jury.    An objection at this time would have prevented any error.    When the jury returned its finding orally, defendant's counsel made no objection.    At that time the error could have been corrected by submitting the question in writing to the jury and sending the members out for further deliberation with instructions to return a finding in conformity with section 459.    Counsel for defendant was silent, allowed the clerk to make the usual entry in the minutes pursuant to rule 165 of the Rules of Civil Practice, and, even upon the motion to set aside the verdict made immediately thereafter, never advanced the objection now urged.    The action of the court and jury, while violative of the statute, was not beyond the power of the parties to approve.    The purpose of the provision is undoubtedly to secure accuracy in respect to the question submitted to the jury and its subsequent entry with the answer thereto in the court minutes.    The substance of the finding was correct, although the form was wrong.    The defendant and her counsel heard the question submitted in the language of the framed interrogatory and heard the jury's answer of " Yes."    There could be no doubt as to the jury's finding and immediately the question and answer were correctly entered in the clerk's minutes of the court.    The defendant would now nullify the action of the jury and compel a retrial of the issue with the attendant expense and delay because of an error in which she participated.    I think that she has waived her right to urge the objection by not taking timely exception.    She has not been harmed by the error and, in view of her own action in standing by in acquiescence, she cannot now complain.

Motion for interlocutory judgment of divorce granted.