THE VAN BEL COMPANY, INC., Plaintiff, v. THE BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 5, TOWN OF ISLIP, SUFFOLK COUNTY, NEW YORK, and Others, Defendants.

County Court, Suffolk County, January 16, 1932.

*Moyles & Butler*, for American Surety Company of New York.

*Alfred Ekelman*, for George A. Nelson and Nelson & Caulkins, Inc.

*J. Melvin Dodson*, for Seneca Lumber and Millwork Company.

*Greene & Walser*, for Truscon Steel Company.

*Alfred E. Fireman*, for Norman R. Benjamin.

*Abner H. Pike*, for H. Klein & Sons, Inc.

*Joseph T. Losee*, for Board of Education, etc.

*Steinberg & Levin*, for Samuel Epstein, Inc.

*Leo T. Kissam*, for Fidelity and Deposit Company of Maryland.

HAWKINS, J. This mechanic's lien action has been twice tried before the county judge of Suffolk county without decision, and the

question is now whether it must be tried again. At the conclusion of the first trial, the Fidelity and Deposit Company of Maryland was brought in as party defendant on motion of the defendant board of education, and the entire case reopened. At the conclusion of the second trial, which consumed about two weeks, and in which voluminous testimony was taken and numerous exhibits admitted, proposed findings and decision were submitted, but before they were acted on, the county judge resigned his office, thus ending his power. (*Matter of Mayor, etc., of N. Y.*, 139 N. Y. 140.)

Notices of trial have been served for the purpose of bringing the case on again for hearing, and the question is brought up by motion that the notices be set aside on the ground that I have the power under section 79 of the Civil Practice Act, to determine this action on the proofs heretofore taken before my predecessor as shown by the minutes and the documents in evidence. That section provides that an action in a court of record, where there has been a change in the judges of the court, " must be continued, heard and determined by the court as constituted at the time of the hearing or determination."

Has this court, as now constituted " at the time of * * * determination," the power to determine this action wholly or partly on the record already made, or must this court hear and determine *de novo?* The point does not seem to have been directly adjudicated so far as County Courts are concerned. In *Woolf* v. *Woolf* (126 Misc. 868) an application in Supreme Court for a decision by a succeeding justice, based upon an opinion rendered by his predecessor, was denied, but in that case the trial justice had made his decision and interlocutory judgment had been entered thereon. His opinion had been rendered on a motion to resettle the findings and judgment, and the application which the court, as later constituted, denied entailed not only the making of a decision but the vacating of a decision and judgment already made.

In *Kelly* v. *Christal* (16 Hun, 242) all parties consented to the determination by the court, as later constituted, on the evidence taken theretofore. In *Covaleski* v. *Thomas* (229 App. Div. 413) it was held that a justice of the Supreme Court who came into the trial of a jury action only after the case was submitted to the jury, could not proceed with the trial except strictly in accordance with stipulation of the parties. That was an action at law, and not in equity such as the one we have here.

Surrogates have consistently continued hearings, under subdivision 8 of section 20 of the Surrogate's Court Act, which enpowers a surrogate to " complete any unfinished business pending before his predecessor," and have determined issues on the minutes of the

proceedings had before their predecessors along with such new evidence as was brought before them. (*Matter of Carey*, 24 App. Div. 531; *Matter of Goldthwaite*, 125 Misc. 265; *Matter of Johnson*, 27 id. 167.)

As was said in the case last cited, " admitting that, other things being equal, it is preferable that the judge deciding the case should both see and hear the witnesses, there are certain contingencies when the greatest hardship and injustice, and, in some cases, an actual failure of justice might result from a rigid adherence to such a practice. It is not fair that the death or removal or withdrawal of a single judicial officer should entail upon the litigants burdensome work, endless delay and heavy expense without any fault of their own."

In *Smith* v. *Smith* (130 Misc. 905) interlocutory judgment of divorce was granted although the justice who had presided at the trial had died before the decision on the issues there raised.

It is not always that a *nisi prius* judge, in determining questions of fact, must have been present at the taking of the testimony. A motion for a new trial, for instance, may be made at Special Term when it was not made before the trial justice. (Civ. Prac. Act, § 552; *O'Connor* v. *Healy*, 171 App. Div. 604; *Hummel* v. *Fischl's Sons, Inc.*, 175 id. 489, 496.)

But however it may be after verdict or decision, no judge can, before verdict or decision, determine an issue on which oral evidence has been taken unless he was present at the time of the oral testimony. Section 22 of the Judiciary Law provides, " a judge other than a judge of the court of appeals, or of the appellate division of the supreme court, shall not decide or take part in the decision of a question, which was argued orally in the court, when he was not present and sitting therein as a judge."

In *Smith* v. *State of New York* (214 N. Y. 140) it was assumed that this provision embraced not only oral argument but a trial. That case involved a hearing before the Court of Claims. After the case had been submitted for decision, one of the commissioners resigned, and the decision was made by his successor and the two remaining commissioners. The judgment based on that decision was reversed. Judge CARDOZO said, however (at p. 144): " Whether the Board of Claims has the power to provide by its rules that a commissioner who has taken no part in the hearing may join in the decision, is a question not now before us."

Article 6, section 20, of the State Constitution provides that " the testimony in equity cases shall be taken in like manner as in cases at law." It was with this section in mind that Judge CARDOZO left open the question whether a rule could still be made by the Court

of Claims to permit a determination by a commissioner who took no part in the hearing. The question is, therefore, whether the Legislature, by section 79 of the Civil Practice Act, has laid down a rule, and whether it could, in which a determination by a succeeding judge can be had on oral testimony taken by his predecessor.

The constitutional provision was adopted for the purpose of conforming the trial practice in equity to the trial practice at law, particularly with reference to the taking of testimony in open court instead of before masters in chancery. By it full trial before a master, as is still the practice in the Federal courts, was abolished in the courts of this State. (*Williamson* v. *Randolph*, 111 App. Div. 539; affd., 185 N. Y. 603.) There cannot now be a compulsory reference for the trial of all the issues, reference being restricted to the purposes for which examiners in chancery were formerly allowed, such as for the examination of an account or other collateral matter. Commissions to take testimony, having been permitted at law, may still be had in equity.

In the light, therefore, of the *Williamson* case, section 22 of the Judiciary Law must be held squarely to prohibit a county judge from determining an action in which oral evidence was presented to his predecessor. Section 79 of the Civil Practice Act must be read in connection with article 6, section 20, of the State Constitution and section 22 of the Judiciary Law, so that the court, as constituted at the time of the determination, cannot determine an action unless it both hear and determine the issues. This applies only, however, where the testimony had before the preceding court was oral. If the evidence taken has all been documentary, or by deposition, or if it has been taken properly before and reported by a referee, the succeeding judge may determine without further hearing.

In view of the opinion of the Court of Appeals in *Smith* v. *State* (*supra*), the holding in *Smith* v. *Smith* (*supra*) cannot be followed, nor the highly respectable authority of *Matter of Carey* (*supra*) and the other cases holding that a surrogate may make a determination based on oral testimony taken by his predecessor. The jurisdiction and procedure of Surrogates' Courts have their roots in neither common law nor chancery but in the ancient ecclesiastical courts. Besides, it is possible that section 22 of the Judiciary Law (formerly section 46 of the Code of Civil Procedure) and the constitutional provision, hereinbefore mentioned, were not brought before those courts. It is also possible that a surrogate, at the time of *Matter of Carey*, was not included in the term " judge " under that section of the Judiciary Law, because section 26 of the General Construction Law, defining the term " judge," was amended by chapter 917 of the Laws of 1920 expressly to include a surrogate.

This action will, therefore, have to be tried again. A new notice of trial under circumstances such as we have here is proper, but I believe that a more orderly procedure would be a motion apprising the court of the circumstances and asking that the case be set down on the calendar for trial. Submit order setting the case down for the March term on service of copy of the order at least fourteen days prior to the commencement of the term. Since a substantial amount of money is involved here and there has been unfortunate delay through no fault of the litigants, the case will be preferred for that term. Case may be tried prior to the March term on a day agreed upon by all the parties.